# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTH DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PETER GARVEY, individually and on behalf of a class of similarly situated individuals | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Case No. |
| CITIZENS FOR RAUNER, INC., an Illinois Corporation, | )<br>) Judge<br>) |
| Defendant. | ) Magistrate<br>) |
| CITIZENS FOR RAUNER, INC., an Illinois Corporation, | )<br>)<br>) |
| Third-Party Plaintiff, | )<br>) |
| v. | )<br>) |
| VICTORY PHONES LLC, and THE STRATICS GROUP INC., | )<br>)<br>) |
| Third-Party Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1331, 1441(a) and 1446, The Stratics Group Inc. ("Stratics") hereby removes the instant action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois because this case arises under federal law.

### The State Court Action

1. Plaintiff, Peter Garvey, individually, and on behalf of a class of similarly situated individuals, commenced this action on March 23, 2018 in the Circuit Court of Cook County, Illinois, against Defendant Citizens for Rauner, Inc. ("the Rauner campaign"). This action is identified in the Circuit Court of Cook County as "Garvey v. Citizens for Rauner, Inc., No. 2018

CH 3859" (the "State Court Action"). Attached as Exhibits 1 and 2 are true and correct copies of the complaint and summons filed in the State Court Action.

2.  Plaintiff's single-count complaint alleges violations of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and seeks monetary and injunctive relief under that statute on behalf of Plaintiff and a putative class. (Ex. 1, at ¶ 32).

3.  The Rauner campaign filed a Third-Party Complaint against Stratics and Victory Phones LLC on October 22, 2018, asserting Illinois state-law claims for indemnification and contribution, as well as a negligent misrepresentation claim only against Victory Phones, all of which are entirely contingent on the Rauner campaign's liability under the TCPA. Attached as Exhibits 3 and 4 are true and correct copies of the Third-Party Complaint and summons, both of which were served on Stratics on October 31, 2018.

**Grounds for Removal – Federal Question Jurisdiction**

4.  The Third-Party Complaint, along with the rest of the State Court Action, are removable under 28 U.S.C. §§ 1331, 1441(a), and 1446. Section 1331 provides for federal jurisdiction in actions "arising under" federal law. The Supreme Court has long recognized the doctrine that federal "arising under" jurisdiction encompasses state-law claims that turn on substantial questions of federal law. *See, e.g., Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313-314 (2005); *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986); *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180 (1921); *Hopkins v. Walker*, 244 U.S. 486, 490–491 (1917).

5.  Here, resolution of the Third-Party Complaint requires the prior adjudication of Plaintiff's TCPA claim. (Ex. 3 at ¶16, ¶20, ¶24). Federal courts have original jurisdiction over private TCPA claims even when they are initiated in state courts. *Mims v. Arrow Fin. Serv.*, 565

U.S. 368 (2012) (acknowledging the federal interest in regulating telemarketing). No other claims are asserted in Plaintiff's complaint, and all of the claims in the Third-Party Complaint turn on the interpretation of the TCPA. (Ex. 1, 3). The entire State Court Action therefore presents substantial questions of federal law sufficient to trigger "arising under" federal jurisdiction under 28 U.S.C. § 1331.

6. Removal by a third-party defendant is proper in this case because Plaintiff's original complaint presents a federal question under the TCPA, and the Third-Party Complaint necessarily raises substantial issues of federal law, such that there are no claims over which this Court lacks original jurisdiction. *See Waltrous, Inc. v. B.P.T. Air Freight Forwarding, Inc.*, No. 89-CV-7900, 1990 WL 43332, at *3 (N.D. Ill. Mar. 30, 1990) (third-party defendant properly removed where there was "original jurisdiction over both the original and the third-party claims, as they involve federal law").

7. Thus, the U.S. District Court for the Northern District of Illinois has federal question jurisdiction over all of the claims asserted in the State Court Action.

8. Removal to this Court is proper under 28 U.S.C. §§1441(a) and 1446(a) because the Northern District of Illinois embraces the Circuit Court of Cook County, where the State Court Action was originally commenced.

9. Stratics has satisfied all procedural requirements for removal.

10. Removal is timely. Stratics was served with a Summons and the Third-Party Complaint together on October 31, 2018. This Notice of Removal is being filed within thirty (30) days of service and is therefore timely under 28 U.S.C. § 1446(b)(1). *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (service of summons and complaint starts the 30-day period to remove).

11. Proper notice of this removal will be promptly provided to the state court and all Parties to the State Court Action. Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing of Notice of Removal will be timely filed with the clerk of the Circuit Court of Cook County, Illinois, and served on the Parties' counsel.

12. Counsel for Defendant Citizens for Rauner and Third-Party Defendant Victory Phones have confirmed that their respective clients consent to removal for purposes of 28 U.S.C. § 1446(b)(2).

13. Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit 5 is a copy of all process, pleadings, and orders received by Stratics in the State Court Action or that Stratics was able to obtain from the State Court file.

14. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

**No Waiver of Defenses**

15. In the event that another party seeks to remand this case, or the Court considers remand *sua sponte*, Stratics respectfully requests the opportunity to submit such additional arguments or evidence in support of removal as may be necessary.

16. By filing this Notice of Removal, Stratics does not waive, and hereby reserves, any right to assert objections and defenses to the claims asserted in this case. Stratics specifically reserves it objections to personal jurisdiction in Illinois. *See Arizona v. Manypenny*, 451 U.S. 232, 242 n. 17, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981) (removal does not waive objections to personal jurisdiction).

17. By filing this Notice of Removal, Stratics does not admit any of the allegations asserted in this case.

WHEREFORE, The Stratics Group Inc. respectfully removes this action from the Circuit Court of Cook County, Illinois, bearing case number 2018-CH-03859, to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

Dated: November 30, 2018                              Respectfully submitted,

                                                                             THE STRATICS GROUP INC.

                                                                             By: /s/ Simon Fleischmann
                                                                                  One of its Attorneys

Simon Fleischmann (6274929)
sfleischmann@lockelord.com
W. Patrick Conlon (6320464)
wpatrick.conlon@lockelord.com
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
Phone: 312-443-0462

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on November 30, 2018, he served the foregoing Notice of Removal on the persons and entities listed below by email and U.S. Mail:

John Sawin
SAWIN LAW FIRM, LTD.
55 West Wacker Drive, Suite 900
Chicago, Illinois 60601
312.853.2490
jsawin@sawinlawyers.com
*Counsel for Plaintiff*

Kevin M. O'Hagan
Shane M. Bradwell
O'Hagan Meyer, LLC
1 E. Wacker Drive, Suite 3400
Chicago, Illinois 60601
(312) 422-6100
kohagan@ohaganmeyer.com
sbradwell@ohaganmeyer.com
*Counsel for Citizens for Rauner*

Hal Ostrow
Rhoades McKee
55 Campau Ave NW, Suite 300
Grand Rapids, MI 49503
(616) 233-5120
hostrow@rhoadesmckee.com
*Counsel for Victory Phones LLC*

      /s/ Simon Fleischmann
      Simon Fleischmann

America:1590045/00001:70312147v7