# EXHIBIT 1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| PETER GARVEY, individually and on behalf of a class of similarly situated individuals, | ) ) ) | No. 2018CH03859 CALENDAR/ROOM 10 TIME 00:00 Class Action |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | |
| CITIZENS FOR RAUNER, INC., an Illinois corporation, | ) ) ) ) | |
| *Defendant*. | ) | |

## CLASS ACTION COMPLAINT AND JURY DEMAND

1. Plaintiff, by and through his attorneys, on behalf of himself and all others similarly situated, brings this class action complaint against Citizens For Rauner, Inc. ("Defendant"), to stop Defendant's unlawful practice of making unauthorized prerecorded calls to potential voters' cellular telephones and to recover damages and obtain injunctive relief for the claims identified in full below.

2. In an effort to promote Bruce Rauner's Illinois gubernatorial reelection bid, Defendant, engaged in an especially pernicious form of marketing: the transmission of unauthorized advertisements in the form of artificial and/or prerecorded calls to the cellular telephones of voters throughout Illinois.

3. As set forth in more detail below, Defendant used an automatic telephone dialing system to initiate calls to the wireless telephone lines of Plaintiff and Class members using an artificial and/or prerecorded voice to deliver a message without the prior express consent of the called party in strict violation of the Telephone Consumer Protection Act, codified at 47 U.S.C. § 227 (the "TCPA").

4. Plaintiff brings this case as a proposed class action pursuant to Illinois Rules of Civil Procedure 735 on behalf of a Class, defined more fully below, who received calls to their cellular telephone lines, in violation of the TCPA, and who are seeking monetary and injunctive relief.

**PARTIES**

5. Plaintiff is a natural person residing in Illinois.

6. Defendant is an Illinois corporation, engaged in soliciting support for Bruce Rauner's Illinois gubernatorial candidacy to persons located in Illinois. Defendant is registered to do business, and does business, in Illinois.

**VENUE & JURISDICTION**

7. This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is an Illinois not-for-profit corporation doing business within this state. Additionally, this Court may assert personal jurisdiction because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant made unauthorized calls to Plaintiff's cellular telephone in this state.

8. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, because Defendant is doing business in Cook County and thus resides there under § 2-102, and because the transaction out of which this cause of action arises occurred in Cook County, as Defendant and/or its agents made unauthorized calls to Plaintiff's cellular telephone in Cook County.

## COMMON FACTUAL ALLEGATIONS

9. Beginning sometime in 2017 and continuing for months thereafter, Defendant undertook a misguided effort to solicit support for Bruce Rauner's Illinois gubernatorial candidacy by causing the mass transmission of artificial and/or prerecorded advertisements calls.

10. These calls were made to the cellular telephone line paid for by Plaintiff. On multiple occasions, calls were made from Defendant to that cellular telephone. Said calls were placed by an autodialing system and utilized an artificial and/or prerecorded voice. In each instance, the messages concerned Bruce Rauner's Illinois gubernatorial candidacy and voting in the upcoming election.

11. Plaintiff never requested information about the upcoming election or Bruce Rauner from Defendant and its attempt to advertise Bruce Rauner amounts to a completely unsolicited advertisement for services.

12. Indeed, in or about March 2018, Plaintiff's cell phone received the following prerecorded voice message, among many other similar such messages:

> "HI, THIS IS BRUCE RAUNER. I'M CALLIN' TO ASK FOR YOUR VOTE IN TUESDAY'S PRIMARY ELECTION. ILLINOIS IS WORTH FIGHTIN' FOR AND WITH REAL REFORM TOGETHER WE CAN BRING BACK ILLINOIS AND PROVIDE THE FUTURE OUR CHILDREN DESERVE. PLEASE JOIN ME IN THE FIGHT AGAINST MIKE MADIGAN AND HIS SPECIAL INTEREST ALLIES. I'M ASKIN' FOR YOUR VOTE ON TUESDAY, MARCH 20. PAID FOR BY CITIZENS FOR RAUNER."

13. Plaintiff has never provided prior written or oral consent for Defendant to place calls to the aforementioned cellular telephone line using an artificial and/or prerecorded voice.

14. Any consent received by Defendant or its agents did not conform to requirements of the TCPA or the *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 27 FCC Rcd 1830 (2012) and *Rules and*

*Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, WC Docket No. 07-135, Declaratory Ruling and Order, FCC 15-72, 30 F.C.C.R. 7961, 7996 (July 10, 2015), or otherwise satisfy any prior express requirements applicable under the TCPA.

## CLASS ALLEGATIONS

15. Plaintiff brings this case pursuant to 735 ILCS § 5/2-801, on behalf of himself and a proposed class (the "Class" or "TCPA Class") defined as follows:

> All persons within the United States who, within four years prior to the filing of this action received any telephone call from Defendant or its agents to either: (1) a cellular telephone subscribed to by said person, or (2) a cellular telephone for which said person is the number's customary user, where the call from Defendant was made through the use an artificial or prerecorded voice, which call was not made for emergency purposes.

16. Defendant and its employees and agents are excluded from the Class.

17. Upon information and belief, there are hundreds or likely thousands of members of the Class such that joinder of all members is impracticable. Although the exact number of class members is currently unknown, the number and identity of Class members can be readily determined through Defendant's records.

18. The disposition of the numerous claims of these class members in a single class will provide substantial benefits to all parties and to the Court.

19. Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief is appropriate respecting the Class as a whole.

20. There is a well-defined community interest in the questions of law and fact affecting the class members. The common questions of law and fact exist as to all members of

4

the Class, and such questions predominate over questions affecting Plaintiff or individual members. These common questions include:

    (a)    Whether Defendant used an artificial or prerecorded voice in placing the calls?

    (b)    Whether Defendant received consent from Plaintiff and Class members prior to placing calls to the cellular telephones of Plaintiff and Class members?

    (c)    Whether any purported consent received by Defendant complied with the requirements set forth by the Federal Communications Commission or the TCPA, including provisos against unsolicited political marketing?

    (d)    Whether Defendant acted willfully and/or knowingly in violation of the TCPA?

    (e)    Whether Defendant should be ordered to immediately discontinue such calls?

21. Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class members have similarly received calls from Defendant to cellular telephones owned by Plaintiff and Class members, and Plaintiff and Class members suffered the same harm arising from Defendant's legal violations as identified in causes of action enumerated and set forth below.

22. Plaintiff's and Class members' claims flow, in each instance, from a common nucleus of operative facts: Defendant's legal violations as identified in the cause of action enumerated and set forth below.

23. Plaintiff is an adequate representative of the Class because his interests do not conflict with and are not antagonistic to the interests of the Class members he seeks to represent. Plaintiff will fairly and adequately represent and protect the interests of the Class.

24. Plaintiff has retained competent and experienced counsel.

25. Plaintiff and Class members have all suffered and will continue to suffer

substantial harm and damages due to Defendant's conduct. A class action is superior to other methods for the fair and efficient adjudication of the subject controversy. Absent a class action, most Class members likely will find the cost of litigating their individual claims to be prohibitive and will have no effective remedy at all. Absent a class action, class members will continue to sustain damages, and Anthem's misconduct will proceed without remedy.

26. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication. Additionally, Defendant has acted, and failed to act, on grounds generally applicable to Plaintiff and the Class, requiring court imposition of uniform relief to insure compatible standards of conduct toward Plaintiff and the

Class.

## COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### on behalf of Plaintiff and the Class

27. Plaintiff incorporates by reference all of the foregoing allegations as if fully set forth herein.

28. Defendant directed the placement of unauthorized commercial calls to a list of wireless telephone numbers, including telephone numbers for Plaintiff and the other members of the Class, using equipment that had the capacity at the time the calls were placed to dial sequentially from a list of such wireless telephone numbers, as well as to store or produce telephone numbers to be called using a random or sequential number generator and to automatically dial such numbers without human intervention.

substantial harm and damages due to Defendant's conduct. A class action is superior to other methods for the fair and efficient adjudication of the subject controversy. Absent a class action, most Class members likely will find the cost of litigating their individual claims to be prohibitive and will have no effective remedy at all. Absent a class action, class members will continue to sustain damages, and Anthem's misconduct will proceed without remedy.

26. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication. Additionally, Defendant has acted, and failed to act, on grounds generally applicable to Plaintiff and the Class, requiring court imposition of uniform relief to insure compatible standards of conduct toward Plaintiff and the

Class.

## COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### on behalf of Plaintiff and the Class

27. Plaintiff incorporates by reference all of the foregoing allegations as if fully set forth herein.

28. Defendant directed the placement of unauthorized commercial calls to a list of wireless telephone numbers, including telephone numbers for Plaintiff and the other members of the Class, using equipment that had the capacity at the time the calls were placed to dial sequentially from a list of such wireless telephone numbers, as well as to store or produce telephone numbers to be called using a random or sequential number generator and to automatically dial such numbers without human intervention.

29. These artificial or prerecorded telephone messages were sent *en masse* without the prior express written consent of Plaintiff and the other members of the Class.

30. Defendant has, therefor, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

31. As a result of Defendant's illegal conduct, Plaintiff and the members of the Class have had their privacy rights violated, have suffered actual and statutory damages, and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

32. To the extent Defendant knew or should have known that the members of the Class did not provide prior express written consent to be sent the unauthorized calls at issue, the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and members of the Class.

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for the following relief:

1. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing his counsel as Class Counsel;

2. An award of the greater of actual or statutory damages;

3. Pre-judgment interest from the date of filing this suit;

4. An award of reasonable attorneys' fees and costs;

5. An injunction ordering the discontinuation of all unsolicited pre-recorded and/or artificial voice calls placed by or on behalf of Defendant; and

6. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: March 23, 2018

PETER GARVEY, individually and on behalf of a class of similarly situated individuals

_____
John Sawin, one of Plaintiff's Attorneys

John Sawin
SAWIN LAW FIRM, LTD.
55 West Wacker Drive, Suite 900
Chicago, Illinois 60601
312.853.2490
jsawin@sawinlawyers.com
Firm No. 45270

8