**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

PETER GARVEY, individually and on behalf of a class of similarly situated individuals,

*Plaintiff,*

v.

CITIZENS FOR RAUNER, INC., an Illinois corporation,

*Defendant.*

---

CITIZENS FOR RAUNER, INC., an Illinois corporation,

*Third-Party Plaintiff,*

v.

VICTORY PHONES, LLC and THE STRATICS GROUP, INC.,

*Third-Party Defendants.*

Case No. 1:18-cv-7919

Honorable Jorge L. Alonso

**PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEY'S FEES AND COSTS PURSUANT TO 28 U.S.C. § 1447(c)**

Plaintiff, Peter Garvey, moves to remand this action to the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. § 1447. Plaintiff further moves for an award of attorney's fees, costs, and expenses under Section 1447(c). In support of his motion, Plaintiff states as follows:

## I. INTRODUCTION

This case was removed from the Illinois Circuit Court of Cook County pursuant to a Notice of Removal filed by Third-Party Defendant The Stratics Group, Inc. ("Stratics"). (Dkt. 1). However, as a third-party defendant, Stratics has no right of removal under 28 U.S.C. § 1441.

Across numerous decisions dating back to 1984, courts in the Seventh Circuit have consistently held that "third-party defendants brought into a state-court action are not entitled to remove the proceedings to federal court." *State St. Bank & Tr. Co. v. Morderosian*, 234 F.3d 1274 (7th Cir. 2000) (unpublished) (citing *Thomas v. Shelton*, 740 F.2d 478, 486-87 (7th Cir. 1984)); *see also AXA Corp. Solutions v. Underwriters Reins. Corp.*, 347 F.3d 272, 279 (7th Cir. 2003) (noting that a third-party defendant generally "has no removal option"). Stratics' Notice of Removal is therefore contrary to controlling precedent and deficient on its face.

The rule that third-party defendants have no right of removal is founded on the plain language of Section 1441 and fundamental principles of statutory interpretation. Section 1441(a) only allows removal by "the defendant or the defendants,'" and "the Seventh Circuit has held that, at least in most cases, third-party defendants are not 'defendants'" within the meaning of Section 1441. *Univ. of Chicago Hosp. & Med. Ctr. v. Rivers*, 701 F. Supp. 647, 650 (N.D. Ill. 1988). Moreover, the third-party claims against Stratics do not constitute a "civil action" as that term is used in Section 1441. "[A] third-party claim is not a separate 'action' that comprises part of a larger 'case'; rather, it is a claim that becomes part and parcel of an existing action." *Lie v. Boeing Co.*, 311 F. Supp. 2d 725, 727 (N.D. Ill. 2004). Accordingly, there is no statutory authority that allows Stratics' removal of this action.

Remand is especially appropriate here given that the principal Defendant in this action, Citizens for Rauner, Inc. ("Defendant" or the "Rauner Campaign"), chose not to remove this case. After Plaintiff filed suit in Illinois state court, the Rauner Campaign did not remove and instead filed an answer to Plaintiff's Complaint and raised a number of affirmative defenses. (*See generally* Dkt. 1-3, 1-4, 1-5). After months of litigation, motion practice, and discovery, the Rauner Campaign decided to file its third-party complaint against Stratics and Victory Phones, LLC

("Victory"), but it did so in the *same* action pending in Illinois state court, rather than a separate action in federal court. The principal Parties in this case have thus elected to litigate their claims in Illinois state court.

Accordingly, "the principal action was firmly and permanently embedded in the Circuit Court[.]" *Lie*, 311 F. Supp. 2d at 727. Stratics' removal would effectively allow the "third-party-complaint's tail to wag the dog of this entire lawsuit[.]" *Id.* Because Stratics has no right of removal here, its Notice of Removal lacks statutory authorization and is procedurally improper, and "that alone is enough to compel an immediate remand[.]" *Sturman v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 128 F. Supp. 2d 1139, 1140 (N.D. Ill. 2001). Moreover, Stratics' complete disregard for controlling case precedent from the Seventh Circuit and this District warrants an award of attorney's fees, costs, and expenses to Plaintiff under Section 1447(c).

## II. BACKGROUND

On March 23, 2018, Plaintiff filed this action in the Circuit Court of Cook County, Illinois against the Rauner Campaign. (*See generally* Dkt. 1-1, Class Action Complaint & Demand for Jury Trial, hereinafter the "Complaint"). Plaintiff's Complaint alleges, on behalf of Plaintiff and a putative class, that the Rauner Campaign violated the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, by making unsolicited automated calls to individuals' cellphones without their prior express consent, as it was required to do under the TCPA.

The Rauner Campaign filed Answer to Plaintiff's Complaint on May 17, 2018 and raised a number of affirmative defenses. (*See generally* Dkt. 1-3, 1-4, 1-5). The Parties then began engaging in discovery, and Plaintiff also moved to strike the Rauner Campaign's affirmative defenses. (*Id.*).

On October 22, 2018, the Rauner Campaign filed its Third-Party Complaint against Third-Party Defendants, Stratics and Victory. (Dkt. 1-3). The Third-Party Complaint asserts claims against Stratics and Victory for indemnification and contribution to the extent the Rauner Campaign is held liable to Plaintiff and the other putative class members. Stratics subsequently removed this case to federal court on November 30, 2018.

## III. LEGAL STANDARD

A defendant may remove a case from state court to federal court only if the federal district court has original subject matter jurisdiction over the action. 28 U.S.C. § 1441; *Disher v. Citigroup Global Mkt., Inc.*, 419 F.3d 649, 653 (7th Cir. 2005). The removing party has the burden of establishing that removal is proper. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). The Seventh Circuit has cautioned that "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum," and that "[a]ny doubt regarding jurisdiction should be resolved in favor of the states." *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

Accordingly, there is "a strong presumption in favor of remand." *Fuller v. BNSF Railway Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000) ("The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand.").

## IV. ARGUMENT

### A. This Action Should Be Remanded To The Circuit Court Of Cook County, Illinois Because The Removing Party, Third-Party Defendant Stratics, Is Not Entitled To Remove This Action Under 28 U.S.C. § 1441.

Stratics cites 28 U.S.C. § 1441(a) in its Notice of Removal, but Section 1441 does not authorize removal by third-party defendants. Section 1441 provides that "Except as otherwise

expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

In enacting Section 1441(a), however, Congress limited the right of removal to only "the defendant or the defendants," a limit that the majority of federal courts throughout the country have consistently adhered to. Indeed, the Seventh Circuit and Northern District of Illinois are "among the large majority of federal courts that have consistently rejected removal proceedings sought to be instituted by [] third-party defendants[.]" *Sturman*, 128 F. Supp. 2d at 1140.

Here, Stratics and Victory are third-party defendants in this action. Plaintiff Garvey has not brought any claims against Stratics or Victory. The only claims against Stratics and Victory are the claims in the Rauner Campaign's Third-Party Complaint. Those claims—which include counts for indemnification and contribution—are contingent upon the Rauner Campaign's liability to Plaintiff and the putative class. *Thomas*, 740 F.2d at 486 ("A third-party complaint is usually conditional on the success of the main claim. The most common third-party claim is a claim for indemnity, that is, a claim that should the defendant (third-party plaintiff) be held liable to the plaintiff, the third-party defendant must reimburse the defendant for the cost of satisfying the plaintiff's judgment."). Because Stratics and Victory are not "defendants" in the civil action brought by Plaintiff against the Rauner Campaign, Stratics' attempted removal of this case is improper, and its reliance on § 1441(a) for removal is misplaced.

Indeed, the Seventh Circuit has long held that third-party defendants are not considered "defendants" for purposes of the removal statute. The Seventh Circuit first addressed the issue of whether a third-party defendant may remove a case under Section 1441 in *Thomas v. Shelton*.

There, the Seventh Circuit rejected an effort by a third-party defendant to remove a case under Section 1441(c) and held that the statute generally does not provide a right of removal to third-party defendants. *Id.* at 486-88. The *Thomas* Court explained that "[t]o allow removal of an entire suit on the basis of a third-party claim is to . . . enlarge federal [jurisdiction] at the expense of state jurisdiction in rather a dramatic way." *Id.* at 486. Although the *Thomas* court considered removal under 1441(c), courts in the Seventh Circuit have extended the holding to removal under Section 1441(a), because "the Seventh Circuit's reasoning applies equally well to section 1441(a)." *Rivers*, 701 F. Supp. at 648.

The *Thomas* court's holding has been applied nearly uniformly by district courts within the Seventh Circuit for more than 30 years, including in the Northern District. Indeed, it has long been settled in the Northern District that "third-party defendants . . . cannot remove actions on their own" under § 1441(a). *Loyola Med. Practice Plan v. Tromiczak*, 10 F. Supp. 2d 943, 944 (N.D. Ill. 1998); *Phillips v. Kladis*, No. 97 C 2346, 1997 WL 428506, at *1 n.1 (N.D. Ill. 1997) ("As to section 1441(a), in short, a third-party defendant is not a 'defendant' within the meaning of that section, and is not entitled to remove."). Other federal district courts in Illinois have also similarly observed that the "law has been well-settled in the Seventh Circuit: third-party defendants brought into a state-court action are not entitled to remove the proceedings to federal court." *Lawsuit Cash Advance v. Peoria Day Surgery Center*, No. 13-cv-1461, 2013 WL 6283580, at *1 (C.D. Ill. Dec. 4, 2013)

For example, in *Easton Fin. Corp. v. Allen*, 846 F. Supp. 652 (N.D. Ill. 1994), the district court was presented with a motion to remand in a similar situation to the present action. The defendant in *Easton* filed a third-party complaint against a third-party defendant for either indemnity or contribution, and the *Easton* third-party defendant removed the case to a federal

district court. *Id.* at 653. In a *sua sponte* memorandum opinion and order remanding the action to state court, Judge Milton Shadur explained that the "substantial majority of the many judicial opinions that have dealt with the subject have consistently held that a third-party defendant cannot invoke removal jurisdiction at all—a view that is uniformly supported by the leading treatises on the subject." *Id.* at 653. Judge Shadur further observed that even if the subject matter jurisdictional limitation was bent to permit some third-party-defendant removals, the third-party complaint was "purely incidental or ancillary to the main claim" against the defendant, and even courts most favorably inclined to third-party defendant removals would not support removal under those circumstances. *Id*. at 654.

Many other circuit and district courts outside of the Seventh Circuit have also come to the same conclusion on this issue. *See*, *e.g., First Nat'l Bank of Pulaski v. Curry,* 301 F.3d 456, 462-63 (6th Cir. 2002); *Westwood Apex v. Contreras*, 644 F. 3d 799, 805 (9th Cir. 2011). The Fourth Circuit in *Palisades Collection LLC v. Shorts*, 552 F.3d 327 (2008) observed that that "[f]or more than fifty years, courts . . . have consistently refused to grant removal power under § 1441(a) to third-party defendants[.]" Similarly, in *Cross Country Bank v. McGraw*, 321 F. Supp. 2d 816, 821-22 (S.D.W. Va. 2004), the district court observed that district courts within the Fourth Circuit have adopted the majority rule that "a third-party defendant is distinct from 'the defendant or defendants' who are permitted to remove cases pursuant to 28 U.S.C. § 1441(a)." In *Hayduk v. UPS*, 930 F.Supp. 584, 590 (S.D. Fla. 1996), the district court went so far as to state that "[n]early every court that has considered the question whether third-parties may remove under § 1441(a) has determined that they may not."

The limitations in 28 U.S.C. § 1441(a) have been "interpreted strictly by the federal courts, who often speak of the right of removal being limited to 'true' defendants." 14C Wright, Miller,

Cooper & Steinman, *Federal Practice & Procedure* § 3731 (collecting cases). See *Starr v. Prairie Harbor Dev. Co.*, 900 F. Supp. 230, 232 (E.D. Wis. 1995) (Noting that, because § 1441(a) "only allows a 'defendant' to remove a case and makes no express mention of 'third-party' defendants, the statute is strictly construed to preclude removal by third-party defendants."). This view aligns with the requirement that the removal statute be narrowly construed, and it serves the practical purpose of limiting a third-party from undermining the forum choices of a plaintiff and defendant who both decide to remain in state court. *See Sabo v. Dennis Technologies, LLC*, No. 07-cv-283-DRH, 2007 WL 1958591, at *5 (S.D. Ill. July 2, 2007).

Stratics only cites a single unpublished district court decision in support of its right to remove as a third-party defendant. (Dkt. 1 at 3) (citing *Waltrous, Inc. v. B.P.T. Air Freight Forwarding, Inc.*, No. 89-CV-7900, 1990 WL 43332, at *3 (N.D. Ill. Mar. 30, 1990)). However, *Waltrous* is not only an unpublished decision, it is also an outlier that is inconsistent with both Seventh Circuit holdings and decisions from nearly every circuit and district court that has considered the question whether third-parties may remove under § 1441(a). *Waltrous* goes against established case law and ignores the spirit of § 1441(a) that a plaintiff and defendant's deliberate choice of forum should not be undermined by a third-party defendant. Further, in the more than 28 years since *Waltrous* the decision, it has only been cited one time on the issue of removal, in *Druivenga v. Hillshire Brands Co.*, No. C 18-4003-MWB, 2018 WL 1115935 (N.D. Iowa 2018). In *Druivenga* the district court cited *Waltrous* as the sole "but see" case cite in a long string cite of cases supporting the observation that courts "have held that, in general, third-party defendants do not have a right of removal pursuant to § 1441, because they are not 'defendants' in the action." *Id.* at *4.

Plaintiff chose to file his Complaint in against the Rauner Campaign in Illinois state court. The Rauner Campaign then elected **not** to remove the case to federal district court, and the action proceeded in Illinois state court for months. The Rauner Campaign later chose to file its Third-Party Complaint against Stratics and Victory in the *same* action pending in Illinois state court, rather than filing a separate action in federal court. As such, Stratics' removal is contrary to the principal parties' choice of forum. Moreover, Stratics' attempted removal as a third-party defendant to this action is procedurally improper under § 1441(a), contrary to controlling case precedent, and lacking any statutory authority. This case should therefore be remanded to the Circuit Court of Cook County, Illinois.

### B. Third-Party Defendant Stratics's Disregard For The Overwhelmingly Adverse Case Law Regarding Removal By A Third-Party Defendant Justifies An Award Of Attorney's Fees And Costs Under 28 U.S.C. § 1447(c).

Under the federal removal statute, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp*., 546 U.S. 132, 136 (2005). Plaintiff contends that such unusual circumstances exist with respect to third-party defendant Stratics's removal at issue in this action.

The Seventh Circuit has stated that qualified immunity doctrine provides the framework for this "objectively reasonable basis" inquiry, and articulated the following rule:

> [I]f, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fee. By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees.

*Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007).

In the qualified immunity context, "[a]lthough the plaintiff need not point to a case directly on point, existing precedent must have placed the statutory or constitutional question beyond debate." *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 915 (7th Cir. 2015) (internal quotation marks omitted).

Third-Party Defendant Stratics makes the following assertion in its Notice of Removal:

> Removal by a third-party defendant is proper in this case because Plaintiff's original complaint presents a federal question under the TCPA, and the Third-Party Complaint necessarily raises substantial issues of federal law, such that there are no claims over which this Court lacks original jurisdiction. See *Waltrous, Inc. v. B.P.T. Air Freight Forwarding, Inc.*, No. 89-CV-7900, 1990 WL 43332, at *3 (N.D. Ill. Mar. 30, 1990) (third-party defendant properly removed where there was "original jurisdiction over both the original and the third-party claims, as they involve federal law").

Stratics, through its counsel, thus acknowledges its awareness that there are limitations on removal by third-party defendants and cites a 28-year-old unreported district court case as its sole authority for its ability to remove as a third-party defendant. In so doing, Stratics, through counsel, failed to disclose to this court that there is overwhelming legal authority in the controlling jurisdiction (as well as ample persuasive authority outside of the Seventh Circuit) that is directly adverse to Stratics' removal position.

By failing to cite and even attempt to distinguish the overwhelming legal authority directly adverse to its removal position, Stratics failed to demonstrate the requisite candor to this court. The Seventh Circuit has held that "[c]ounsel is certainly under obligation to cite adverse cases which are ostensibly controlling and then may argue their merits or inapplicability. . .." *Mannheim Video, Inc. v. County of Cook*, 884 F. 2d 1043, 1047 (7th Cir. 1989). The Seventh Circuit has further noted on this issue that "counsel may not hide from virtually controlling cases, only later to argue that the omission was due to a scintilla of difference between the already decided cases and the one being litigated." *Id*.

Stratics may have persuaded itself that the controlling authority was distinguishable in some way to the facts at hand, but the Seventh Circuit has made it clear that the tactic "of pretending that potentially dispositive authority against a litigant's contention does not exist is as unprofessional as it is pointless." *Hill v. Norfolk & Western Ry.*, 814 F.2d 1192, 1198 (7th Cir. 1987). Further, the case law that Stratics failed to cite in its Notice of Removal clearly establishes what the law is with respect to removal by third-party defendants under § 1441(a), and it is directly adverse to Stratics' removal position. As such, an award of attorney's fees and costs to Plaintiff under Section 1441(c) is appropriate.

WHEREFORE, for the reasons set forth above, Plaintiff Peter Garvey, individually and on behalf of all other similarly situated, requests that this Court enter an order: (a) remanding this action to the Circuit Court of Cook County, Illinois; (b) awarding Plaintiff his attorney's fees, costs, and expenses pursuant to 28 U.S.C. § 1447(c), in an amount to be determined following a submission of a fee petition by Plaintiff's counsel; and (c) for such other and further relief as this Court deems just.

Dated: December 28, 2018

PETER GARVEY, individually and
on behalf of a class of similarly situated individuals

By: */s/ John Sawin*

John Sawin
SAWIN LAW FIRM, LTD.
55 West Wacker Drive, Suite 900
Chicago, Illinois 60601
312.853.2490
jsawin@sawinlawyers.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on December 28, 2018, I electronically filed the foregoing *Plaintiff's Motion to Remand and for Attorney's Fees and Costs Pursuant to 28 U.S.C. § 1447(c)* with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record.

/s/ *John Sawin*