**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PETER GARVEY, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| *Plaintiff*, | ) ) | Case No. 1:18-cv-7919 |
| v. | ) ) | Honorable Jorge L. Alonso |
| CITIZENS FOR RAUNER, INC., an Illinois corporation; and BRUCE RAUNER, an individual | ) ) ) ) | Magistrate Judge M. David Weisman |
| *Defendant.* | ) ) | |

**PLAINTIFF's *UNOPPOSED* MOTION FOR**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

## TABLE OF CONTENTS

I.      INTRODUCTION .................................................................................................... 1

II.     BACKGROUND ..................................................................................................... 2

        A.      The TCPA's Ban on Unwanted, Prerecorded Voice Messages ............................ 2

        B.      History of the Litigation and Discovery. ....................................................... 3

III.    SETTLEMENT TERMS ......................................................................................... 5

        A.      The Proposed Settlement Class ..................................................................... 5

        B.      Monetary Relief. ........................................................................................ 5

        C.      Notice and Settlement Administration. .......................................................... 6

        D.      Opt-Out and Objection Procedure. ............................................................... 7

        E.      Attorneys' Fees and Costs, And Incentive Award. ........................................... 7

        F.      Release of Liability. .................................................................................... 8

IV.     THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL ........... 8

        A.      The Proposed Settlement Is Fair, Reasonable, and Adequate. ........................... 10

                i.      The Settlement was reached after discovery, litigation, and arm's
                        length negotiation. ........................................................................ 10

                ii.     In light of the substantial risks and uncertainty associated with
                        continued litigation, the Settlement provides significant benefits to
                        the Settlement Class and equal relief to all Settlement Class
                        Members. ...................................................................................... 11

        B.      The Proposed Settlement Class Meets All Requirements for Certification
                For Purposes of Settlement Under Federal Rule 23 ......................................... 17

                i.      The Proposed Settlement Class meets all prerequisites to
                        certification under Federal Rule 23(a). ............................................. 17

                        1.      The Proposed Settlement Class is ascertainable based on
                                objective criteria. ............................................................... 17

                        2.      The Settlement Class is sufficiently numerous and joinder
                                is impracticable. ................................................................. 17

3.      The Settlement Class Members' claims share common questions of law and fact.................................................. 18

4.      Plaintiff's claims are typical of those of the Settlement Class Members............................................................. 18

5.      Plaintiff and Class Counsel have capably represented the Settlement Class Members and will continue to protect their interests............................................................... 19

ii.    The Proposed Settlement Class is Certifiable Under Federal Rule 23(b)(3). ............................................................... 20

1.      Common questions of law and fact predominate.......................... 20

2.      A class action is the most efficient way of adjudicating the putative Settlement Class Members' claims and is superior to alternatives. ..................................................... 21

3.      The proposed notice plan satisfies Due Process and the requirements of Federal Rule 23.................................... 22

4.      Plaintiff's counsel should be appointed Class Counsel. .............. 23

V.    PROPOSED SCHEDULE ...................................................... 25

VI.   CONCLUSION.................................................................. 25

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abdeljalil*, 306 F.R.D. 303 at 311 ................................................................................19

*Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*,
  No. 07-cv-2898, 2012 WL 651727 (N.D. Ill. Feb. 28, 2012) ................................20

*Amchem*, 521 U.S. at 620.............................................................................................20

*Armstrong*, 616 F.2d at 314 .........................................................................................10

*In re AT&T Mobility Wireless Data Servs. Litig.*,
  270 F.R.D. 330 (N.D. Ill. 2010).............................................................9, 10, 18, 20

*Barr v. American Association of Political Consultants*,
  140 S. Ct. 2335 (2020)......................................................................................4, 12, 13

*Birchmeier v. Caribbean Cruise Line, Inc.*,
  302 F.R.D. 240 (N.D. Ill. 2014)..............................................................................15

*Boundas v. Abercrombie & Fitch Stores, Inc.*,
  280 F.R.D. 408 (N.D. Ill. 2012)..............................................................................15

*In re Bridgestone/Firestone, Inc.*,
  288 F.3d 1012 (7th Cir. 2002) ................................................................................19

*CE Design v. Beaty Const., Inc.*,
  07-cv-3340, 2009 WL 192481 (N.D. Ill. Jan. 26, 2009).......................................16

*G.M. Sign, Inc. v. Brink's Mfg. Co.*,
  No. 09 C 5528, 2011 WL 248511 (N.D. Ill. Jan. 25, 2011) ...........................12, 17

*Golon v. Ohio Savs. Bank*,
  98-cv-7430, 1999 WL 965593 (N.D. Ill. Oct. 15, 1999) .......................................19

*Gomez v. Ill. State Bd. of Educ.*,
  117 F.R.D. 394 (N.D. Ill. 1987)..............................................................................17

*Green v. Serv. Master On Location Servs. Corp.*,
  No. 07 C 4705, 2009 WL 1810769 (N.D. Ill. June 22, 2009) ................................13

*Hinman v. M & M Rental Ctr., Inc.*,
  545 F. Supp. 2d 802 (N.D. Ill. 2008) ......................................................................17

iii

*Ira Holtzman, C.P.A. v. Turza*,
728 F.3d 682 (7th Cir. 2013) ............................................16

*Isby v. Bayh*,
75 F.3d 1191 (7th Cir. 1996) ............................................10

*Johnson*, 315 F.R.D. at 503............................................19

*Kessler v. Am. Resorts Int'l*,
05-cv-5944, 2007 WL 4105204 (N.D. Ill. Nov. 14, 2007) ............................................10

*Lavigne*, 2018 WL 2694457, at *8............................................19

*Lemon v. Int'l Union of Operating Eng's.*,
216 F.3d 577 (7th Cir. 2000) ............................................19

*Lindenbaum v. Realgy, LLC*,
No. 19-2862, 2020 WL 6361915 (N.D. Ohio)............................................13, 14

*Longo v. Law Offices of Gerald E. Moore & Assocs., P.C.*,
No. 04-cv-5759, 2006 WL 897800 (N.D. Ill. Mar. 30, 2006) ............................................17

*McCabe v. Crawford & Co.*,
210 F.R.D. 631 (N.D. Ill. 2002)............................................16

*McCue v. MB Fin., Inc.*,
No. 15-cv-00988, 2015 WL 1020348 (N.D. Ill. Mar. 6, 2015) ............................................9

*Mims v. Arrow Fin. Servs., LLC*,
565 U.S. 368 (2012)............................................2

*Mirfasihi v. Fleet Mortg. Corp.*,
356 F.3d 781 (7th Cir. 2004) ............................................21

*Murray v. New Cingular Wireless Servs.*,
232 F.R.D. 295 (N.D. Ill. 2005)............................................20

*Parker v. Risk Mgmt. Alternatives, Inc.*,
206 F.R.D. 211 (N.D. Ill. 2002)............................................16, 17

*Physicians Healthsource, Inc. v. A-S Medication Sols., LLC*,
318 F.R.D. 712 (N.D. Ill. 2016)............................................12

*In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*,
30 F.C.C. Rcd. 7961, 7980 (F.C.C. 2015) ............................................3

*Sadowski v. Med1 Online, LLC*,
No. 07-cv-2973, 2008 U.S. Dist. LEXIS 41766 (N.D. Ill. May 27, 2008)............................................20

iv

*Savanna Grp., Inc. v. Trynex, Inc.*,
    No. 10-CV-7995, 2013 WL 66181 (N.D. Ill. Jan. 4, 2013) ....................................................13

*In re Sears, Roebuck & Co. Front-loading Washer Prod. Liab. Litig.*,
    No. 06-cv-7023, 2016 WL 772785 (N.D. Ill. Feb. 29, 2016) ...................................................20

*In re Southwest Airlines Voucher Litig.*,
    No. 11-cv- 8176, 2013 WL 4510197 (N.D. Ill. Aug. 26, 2013) .............................................12

*Synfuel Techs, Inc. v. DHL Express (USA), Inc.*,
    463 F.3d 646 (7th Cir. 2006) .................................................................................................11

*Versteeg v. Bennett, Deloney & Noyes, P.C.*,
    271 F.R.D. 668 (D. Wyo. 2011) ...........................................................................................13

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011).................................................................................................................16

*West*, 323 F.R.D. at 302 .............................................................................................................19

*Zyburo v. NCSPlus, Inc.*,
    44 F. Supp. 3d 500 (S.D.N.Y. 2014)...............................................................................13, 18

## Statutes

28 U.S.C. § 1715 .........................................................................................................................21

47 U.S.C. §227(b)(3) ....................................................................................................................3

Telephone Consumer Protection Act, 47 U.S.C. § 227 ....................................................... *passim*

## Other Authorities

Conte & Newberg, 4 *Newberg on Class Actions*
    (5th Ed., June 2019 update) ......................................................................................................9

Fed. R. Civ. P. 23 ................................................................................................................ *passim*

*Manual for Complex Litigation*, § 21.632 (4th ed. 2004) .............................................................9

## I.  **INTRODUCTION**

After more than three years of contentious litigation, the parties are pleased to report that they have reached a settlement of this putative class action brought against Illinois' former governor, Bruce Rauner ("Rauner"), and his political candidate committee, Citizens for Rauner, Inc. (the "Rauner Campaign"), under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). By this Motion, Plaintiff Peter Garvey seeks preliminary approval of the Settlement Agreement, claims procedure, and the proposed form and method of class notice pursuant to Federal Rule of Civil Procedure 23(e).

The proposed Settlement provides substantial monetary relief to the Settlement Class, which is comprised of approximately 38,000 individuals. As set forth in the Settlement Agreement, a copy of which is attached hereto as **Exhibit A**, Defendants have agreed to establish a non-reversionary, all-cash Settlement Fund of one million dollars ($1,000,000), and all Settlement Class Members who submit an Approved Claim Form will receive a pro rata share of the Fund (after deductions for Notice and Administration Costs and any Attorneys' Fee Award and Incentive Award authorized by the Court).

Federal Rule of Civil Procedure 23 provides that at this stage of the settlement-approval process, notice should issue if the Court determines it "will likely be able to" (1) approve the proposed Settlement, based on whether the proposed Settlement Class representatives and proposed Class Counsel "have adequately represented the class," and whether the Settlement "was negotiated at arm's length," provides "adequate" relief for the Settlement Class, and treats Settlement Class Members "equitably relative to each other"; and (2) "certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1) & (2).

The record developed during discovery, as well as the procedural and substantive aspects of the Settlement, satisfy those requirements. Success in this matter was far from assured. Given

the risks at class certification and trial, this Settlement is an excellent result and, if approved, would bring meaningful relief to thousands of individuals, as well as certainty and closure to what has been, and likely would continue to be, contentious litigation. As explained in detail below, preliminary approval of the Settlement and distribution of notice to the Settlement Class is in the best interest of the putative Class Members, because the Settlement is fair, reasonable, and adequate. Further, the proposed Settlement Class meets all of the requirements for certification of a settlement class under Federal Rule 23.

Accordingly, and as more fully set forth herein, Plaintiff respectfully requests that the Court enter an Order (i) granting preliminary approval of the Settlement; (ii) appointing Plaintiff as Class Representative; (iii) approving the form and content of the proposed notice plan, and ordering it be effectuated; (iv) appointing John Sawin of Sawin Law Ltd. as Class Counsel; and (v) scheduling a final approval hearing to finally determine whether the Settlement is fair, reasonable, and adequate under Rule 23(e)(2) and whether the Settlement Class should be finally certified.

## II.  <u>BACKGROUND</u>

### A.  The TCPA's Ban on Unwanted, Prerecorded Voice Messages

The TCPA is a consumer protection statute designed to combat the "intrusive invasion of privacy" caused by "[u]nrestricted telemarketing." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). In enacting the TCPA, Congress reported that "[m]any consumers are outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers." TCPA, Pub L. No. 102-243, § 2 (1991). "[R]egardless of the content or the initiator of the message," prerecorded telephone calls made to private residences, Congress found, were rightly regarded by recipients as "a nuisance and an invasion of privacy." *Id.* "Banning such . . . prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are

necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id.*

"Congress therefore put the responsibility for compliance with the [TCPA] directly on the party that 'makes' or 'initiates' automated and prerecorded message calls." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961, 7980 (F.C.C. 2015) (the "2015 FCC Order"). Specifically, among various limitations the TCPA imposes on telemarketers, is a ban on the use of prerecorded voice messages:

> It shall be unlawful for any person within the United States . . .
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using . . . prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone service . . .
>
> (B) to initiate any telephone call to any residential telephone line using . . . prerecorded voice to deliver a message without the prior express consent of the called party[.]

The TCPA provides consumers with a private right of action to seek injunctive relief and a minimum of $500 in damages for each violation of the statute or FCC regulations. 47 U.S.C. §227(b)(3). If the defendant knowingly or willfully violated the TCPA, the court has discretion to award treble damages. *Id.*

### B. History of the Litigation and Discovery.

Plaintiff initially filed this putative class action against the Rauner Campaign in the Circuit Court of Cook County, Illinois on March 23, 2018. The Rauner Campaign answered Plaintiff's complaint May 17, 2018, and written and third-party discovery thereafter commenced concerning both individual merits and class-certification related issues. Plaintiff served numerous subpoenas upon third parties, and ultimately litigated the scope and enforceability of a subpoena for records to then non-party Victory Phones, LLC in Kent County, Michigan's 17th District Court. As a result

of this written and third-party discovery, Plaintiff obtained electronically stored information, including call records regarding the Rauner Campaign's advertising campaign at issue.

While this litigation was still pending in the Circuit Court of Cook County, the Rauner Campaign filed a Third-Party Complaint against Victory Phones LLC and The Stratics Group, Inc. on October 22, 2018. The Stratics Group, Inc. then timely removed this action to this Court on November 30, 2018. Thereafter, on July 2, 2019, Plaintiff filed a First Amended Class Action Complaint, which added Rauner as a Defendant. Defendant Rauner thereafter filed a Rule 12(b)(6) Motion to Dismiss [Dkt. 52], and the Third-Party Defendants each filed Rule 12(b)(6) Motions to Dismiss the Rauner Campaign's First Amended Third-Party Complaint against them [Dkts. 64 & 66]. On September 3, 2020, this Court denied Rauner's Motion to Dismiss and granted Third-Party Defendants' respective Motions to Dismiss. As a result, Third-Party Defendants are no longer parties to this action.

On October 20, 2020, Defendants filed a Joint Rule 12(b)(1) Motion to Dismiss, or in the Alternative, for Judgment on the Pleadings [Dkts. 110 & 111], arguing for dismissal of Plaintiff's claims based on the Supreme Court's recent decision in *Barr v. American Association of Political Consultants*, 140 S. Ct. 2335 (2020). Plaintiff filed a Memorandum in Opposition to that motion [Dkt. 121], and this fully briefed motion was pending before the Court when the Parties first advised the Court of the proposed Class Settlement set forth herein, obviating the need for a ruling on Defendants' pending motion to dismiss.[1]

---

[1]After the Parties reached a class settlement in principle, they jointly asked the Court, through chambers, to stay any ruling on this motion.

The considerable time and resources that Plaintiff and his counsel have invested in this action afforded them the opportunity, in advance of ever discussing settlement with Defendants, to meaningfully assess the strength of the class claims and the risks posed by continued litigation.

## III. SETTLEMENT TERMS

### A. The Proposed Settlement Class.

The proposed Settlement entails certification of a nationwide Settlement Class defined as follows:

> All persons and entities throughout the United States (1) to whom Defendants placed or caused to be placed one or more telephone calls or ringless voicemail messages; (2) directed to a number assigned to a cellular telephone service; (3) using an automatic telephone dialing system, or an artificial or prerecorded voice; (4) from March 23, 2014 to the date the Court enters the Preliminary Approval Order. Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Court's staff and immediate family, any counsel who has filed an appearance on behalf of any Party to the Action, and all persons who are validly excluded from the Settlement Class. **[Exhibit A, p. 8].**

### B. Monetary Relief.

Defendants have agreed to pay, on a non-reversionary basis, cash in the amount of one million dollars ($1,000,000) to create the Settlement Fund, for the benefit of Plaintiff and the Settlement Class Members. The Settlement Fund will be used to pay all costs and litigation expenses incurred in this action, including but not limited to: (i) any award of attorneys' fees, costs, and expenses to Class Counsel approved by the Court; (ii) any incentive/service award to Plaintiff approved by the Court; (iii) all costs of printing, providing and/or publishing notice and claim forms to persons in the Settlement Class (including, but not limited to, costs for Mail Notice, Publication Notice, and any different or additional notice that might be ordered by the Court); (iv) all costs of administering the Settlement, including but not limited to identifying Settlement Class Members by reverse lookup or any other procedure, the cost of printing and mailing Settlement Awards and other payments, and the cost of maintaining the Settlement Website; (v) the fees,

expenses, and all other costs of the Class Administrator, including any taxes and tax- related expenses incurred by or in connection with the creation of the Settlement Fund; and (vi) the costs associated with preparing and serving the CAFA Notice (all of which are collectively the "Settlement Costs"]. **[Exhibit A, p. 9].**

Each Settlement Class Member who timely submits an Approved Claim Form, either online or by U.S. Mail, will be entitled to receive a *pro rata* share of the Settlement Fund after Settlement Costs are deducted. **[Exhibit A, pp. 19-20].** Regardless of the number of Approved Claim Forms submitted, no portion of the Settlement Fund shall be returned or refunded to Defendants. **[Exhibit A, pp. 20-21].**

### C. Notice and Settlement Administration.

Within seven (7) days following entry of the Preliminary Approval Order, Defendants will advance the amounts necessary to pay for the Notice Program and settlement administration, as determined and requested by the Class Administrator, and which advance will be credited against the Settlement Fund; and (b) Defendants will pay the balance of the Settlement Fund into the Escrow Account by or before the Funding Date.

The Class Administrator will administer the Settlement, and Class Counsel will provide the Class Administrator, on a confidential basis, the telephone numbers for persons in the Settlement Class (the "Class List") within five (5) days following entry of the Preliminary Approval Order. The Class Administrator will perform a reverse lookup process to identify the names and mailing addresses associated with the telephone numbers identified on the Class List. The Class Administrator will run the names and addresses obtained via the reverse lookup process through the National Change of Address database. The Class Administrator will provide individual notice via long-form, in substantially the same form attached as *Exhibit 1* to **Exhibit A** hereto, with a detachable Claim Form, in substantially the same form attached as *Exhibit 2* to **Exhibit A**

6

hereto. The Class Administrator will further perform skip tracing for all returned mail. The Class Administrator will further arrange for publication of notice in one issue of both *USA Today* and the *Chicago Tribune*, in substantially the same form attached as *Exhibit 3* to **Exhibit A** hereto. The Class Administrator will establish and maintain a Settlement Website dedicated to the Settlement, on which will be posted the Mail Notice, including the Claim Form, a copy of this Agreement, the Preliminary Approval Order, the operative Complaint, and any other materials the parties agree to include. The Settlement Website will also maintain an electronic version of the Claim Form and allow Settlement Class Members to complete and submit a Claim Form online.

> **D.** **Opt-Out and Objection Procedure.**

Persons in the Settlement Class may request exclusion from the Settlement by sending a written request to the Class Administrator at the address designated in the Class Notice postmarked no later than the Opt-Out and Objection Deadline. The Class Administrator will retain a copy of all requests for exclusion and will, upon written request, provide copies of any such requests to counsel for the Parties. Class Counsel will keep any such opt-out information confidential and use it only for purposes of determining whether a person in the Settlement Class has properly opted out. Any Settlement Class Member may appear at the Final Approval Hearing to object to the proposed Settlement, but only if the Settlement Class Member has first filed a written objection with the Clerk of Court, by the Opt-Out and Objection Deadline. **[Exhibit A, pp. 21-23].**

> **E.** **Attorneys' Fees and Costs, And Incentive Award.**

Class Counsel will move the Court for an award of attorneys' fees, costs, and expenses paid from the Settlement Fund pursuant to applicable law, and from no other source. Plaintiff has agreed to limit the request for an award of reasonable attorneys' fees, costs, and expenses to no more than one-third of the Settlement Fund, plus reimbursement of reasonable litigation costs and expenses. Defendants may elect to contest Class Counsel's request, but otherwise Defendants take

no position on the amount to be sought by Plaintiff and do not object to a reasonable award of attorneys' fees, costs, and expenses as determined by the Court and sought in accordance with this Agreement and applicable law. **[Exhibit A, pp. 12-13].**

Plaintiff will also ask the Court to award an incentive award payment (in addition to any *pro rata* distribution he may receive as a Settlement Class Member) for the time and effort he has invested in this action, and for the benefits that his efforts have provided to the Settlement Class. Any incentive award payment will likewise come from the Settlement Fund and from no other source. Plaintiff has agreed to limit the amount sought for an incentive award payment to no more than $10,000. Defendants may elect to contest the request for an incentive award payment but otherwise Defendants take no position on the amount to be sought for an incentive award payment and do not object to a reasonable incentive award payment as determined by the Court and sought in accordance with this Agreement and applicable law. **[Exhibit A, p. 12].**

### F. Release of Liability.

If the Settlement is finally approved and a Final Approval Order and Judgment entered by the Court, then Defendants will be released and forever discharged, in exchange for the monetary relief described above, from any and all claims arising from or relating to allegedly unauthorized telephone calls or ringless voicemail messages directed to members of the Settlement Class, except that no claims of Settlement Class Members who timely and properly request exclusion will be released. **[Exhibit A, p. 26-27]**.

## IV. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

The proposed Settlement provides substantial relief to the Settlement Class Members and represents a fair and reasonable resolution of this dispute. It thus merits this Court's preliminary approval and permission for notice to be sent to the Settlement Class Members. Rule 23 directs the Court at the preliminary approval stage to conduct a preliminary review of whether it "will be

likely" to approve the proposed Settlement as "fair, reasonable, and adequate," pursuant to Fed. R. Civ. P. 23(e)(2), and certifiable "for purposes of judgment on the proposal," pursuant to Fed. R. Civ. P. 23(e)(1)(B)(ii).[2]

In contrast to the final fairness hearing, the preliminary approval stage is merely an "initial evaluation" of the fairness of the proposed settlement based on the written submissions and informal presentation from the settling parties. *Manual for Complex Litigation,* § 21.632 (4th ed. 2004). The purpose of this evaluation is to determine whether there is reason to notify the class members of the proposed settlement and schedule a fairness hearing. *Newberg*, § 13:14; *McCue*, 2015 WL 1020348, at *1. Thus, the Court need only find that it is "likely" to determine at the final approval hearing that the Settlement is "fair, reasonable, and adequate" and certifiable. Fed. R. Civ. P. 23(e)(1)(B). *Kessler v. Am. Resorts Int'l*, 05-cv-5944, 2007 WL 4105204, at *5 (N.D. Ill. Nov. 14, 2007) ("Although this standard and the factors used to measure it are ultimately questions for the fairness hearing that comes after a court finds that a proposed settlement is within approval range, a more summary version of the same inquiry takes place at the preliminary phase.") (citing *Armstrong*, 616 F.2d at 314).

There is a strong judicial and public policy favoring the settlement of class action litigation. *Isby v. Bayh*, 75 F.3d 1191, 1198 (7th Cir. 1996). Further, because every settlement is a compromise, courts should not reject a settlement solely because it does not provide a complete victory. Parties to a settlement "benefit by immediately resolving the litigation and receiving some

---

[2] The 2018 amendments to Rule 23 build upon the well-established two-step process in this Circuit of performing a "preliminary" evaluation of the fairness of the settlement to determine whether notice is to be sent out, prior to the final fairness inquiry. Conte & Newberg, 4 *Newberg on Class Actions*, § 13:14 (5th Ed., June 2019 update); *McCue v. MB Fin., Inc.*, No. 15-cv-00988, 2015 WL 1020348, at *1 (N.D. Ill. Mar. 6, 2015); *In re AT&T Mobility Wireless Data Servs. Litig.*, 270 F.R.D. 330, 346 (N.D. Ill. 2010).

measure of vindication for [their] position[s] while foregoing the opportunity to achieve an unmitigated victory." *In re AT&T*, 270 F.R.D. at 347 (internal quotations and citations omitted).

### A. The Proposed Settlement Is Fair, Reasonable, and Adequate.

Under Rule 23, as amended, the factors in determining whether a settlement is fair, reasonable, and adequate include: (1) whether the class representatives and class counsel have adequately represented the class; (2) whether the settlement was negotiated at arm's length; (3) the relief provided to the class versus the cost and risk of proceeding to trial, the method by which relief will be distributed to the class, and the proposed attorneys' fees award; and (4) whether the settlement treats all class members equally to one another. Fed. R. Civ. P. 23(e)(2). Application of these factors to this case demonstrates that the proposed Settlement is fair, reasonable, and adequate.

### i. *The Settlement was reached after discovery, litigation, and arm's length negotiation.*

The first two factors under the amended Rule 23(e)(2) are intended to "look[] to the conduct of the litigation and of the negotiations leading up to the proposed settlement." Fed. R. Civ. P. 23(e)(2)(A) & (B) Advisory Committee's Note. In determining whether these factors are satisfied the Court may consider "the nature and amount of discovery in this or other cases, or the actual outcomes of other cases, [which] may indicate whether counsel negotiating on behalf of the class had an adequate information base." Fed. R. Civ. P. 23(e)(2)(A) & (B) Advisory Committee's Note.

This action has been in litigation for over three years, and the negotiations that led to the Settlement did not occur until after substantial legal briefing on the complex and evolving legal issues involved in this action, and written discovery. The parties' negotiation did not occur until after significant discovery had been conducted. Accordingly, given that Plaintiff and his counsel had sufficient information about the facts of the allegedly unauthorized calls at issue to fairly weigh

the prospects of success at trial versus the negotiated outcome provided by the Settlement, the Court should, and is likely to, find that they adequately represented the Class.

> ii. *In light of the substantial risks and uncertainty associated with continued litigation, the Settlement provides significant benefits to the Settlement Class, and equal relief to all Settlement Class Members.*

The Court is also likely to find that the proposed Settlement satisfies Rule 23's requirements of providing adequate relief when weighed against the likely outcome of any trial on the merits. The Seventh Circuit has found this to be the most important consideration in determining whether a Settlement should be approved. *Synfuel Techs, Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006). The Settlement in this action is an excellent result for the Settlement Class Members and provides significant monetary benefits to the Settlement Class, as every Settlement Class Member who timely submits an Approved Claim Form will receive an equal payment from a Settlement Fund totaling $1 million, less approved fees, costs, and expenses. As such, although the specific per-person monetary benefit will depend on the total number of Approved Claim Forms, it is clear that the Settlement Class will receive meaningful monetary relief. Further, because each Settlement Class Member will receive an equal share of the Settlement Fund, the proposed Settlement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D).

In addition, while Plaintiff continues to believe that his claims against Defendants have merit, there are numerous legal uncertainties associated with continued litigation that pose substantial risk of non-recovery to the Settlement Class. *See In re Southwest Airlines Voucher Litig.*, No. 11-cv- 8176, 2013 WL 4510197, at *7 (N.D. Ill. Aug. 26, 2013) ("In considering the strength of plaintiffs' case, legal uncertainties at the time of settlement favor approval.").

First, one of the parties' principal disagreements in this action concerns whether ringless voicemails are subject to the TCPA. Defendants have taken the position that they are not. Though

Plaintiff disagrees with Defendants' position and believes it is both legally and factually incorrect, should this Court ultimately agree with Defendants and grant summary judgment on the ringless voicemail issue, the Class will be left with nothing.

Second, as a result of the Supreme Court's 2020 decision in *Barr v. American Association of Political Consultants*, 140 S. Ct. 2335 (2020), there is presently uncertainty in this action concerning Defendants' liability. As noted above, Defendants have filed a Joint Rule 12(b)(1) Motion to Dismiss, or in the Alternative, for Judgment on the Pleadings [Dkts. 110 & 111], arguing that they cannot be held liable for the alleged TCPA violations in this action. Plaintiff has filed a Memorandum in Opposition to that motion [Dkt. 121], and Defendants filed a Reply in Support of the Motion [Dkt. 124]. This fully briefed motion was pending before the Court when the parties first advised the Court of the proposed Class Settlement. (After reaching the proposed Class Settlement agreement in principle, the parties jointly requested that the Court hold the Rule 12(b)(1) motion in abeyance, pending the resolution of the proposed Class Settlement. Should the Court wish, Defendants' respective counsel have advised Plaintiff's counsel that Defendants are willing to withdraw the Motion without prejudice to refiling in the event the Court does not approve the settlement, or it is overturned on appeal.)

In *Barr*, a group of political and polling organizations challenged the constitutionality of the TCPA on the grounds that a provision added in a 2015 amendment—which excluded liability for automated calls made to collect debts owed to the federal government—violated the First Amendment and rendered the TCPA's general prohibition on robocalls unconstitutional. The *Barr* Court—in Plaintiff's view—issued a narrow decision that invalidated and severed only the government debt exception, while leaving the rest of the TCPA fully intact: "Applying traditional severability principles, seven Members of the Court conclude that the entire 1991 robocall

12

restriction should not be invalidated, but rather that the 2015 government-debt exception must be invalidated and severed from the remainder of the statute."

Defendants' still unresolved Rule 12(b)(1) motion contends that the provision of the TCPA at issue in this litigation (Section 227(b)(1)(A)(iii)) was invalid during the five-year period between *Barr* and when the government debt exception went to effect in 2015. Defendants thus argue that since the calls at issue in present action occurred in 2018, when the government debt exception was in place, that the TCPA was then unconstitutional and void, and they cannot be held liable for calls made during that period.

The issue of *Barr*'s potential retrospective effect has not yet been resolved in the Seventh Circuit, but as set forth in detail in the parties' respective briefs on this motion, district courts across the country have reached differing conclusions. A district court decision on this issue in favor of the defendants in *Lindenbaum v. Realgy, LLC*, No. 19-2862, 2020 WL 6361915 (N.D. Ohio Oct. 29, 2020) is presently on appeal to the Sixth Circuit Court of Appeals. The American Civil Liberties Union (ACLU), the U.S. Chamber of Commerce, the American Creditors Association (ACA) and Facebook have all filed amicus briefs in support of affirming the *Lindenbaum* district court, while many consumer groups and the U.S. government have filed amicus briefs in support of reversing the *Lindenbaum* district court.

*Barr*'s potential retrospective effect on calls during the five-year period between *Barr* and when the government debt exception went to effect in 2015 creates risk for Plaintiff and the putative class that this action could be dismissed in its entirety. The proposed Settlement fully resolves that risk, for the benefit of the Settlement Class.

Third, the Rauner Campaign is an Illinois not-for-profit corporation that was registered as an Illinois political candidate committee to support the Defendant Rauner's Illinois gubernatorial

campaigns. Rauner lost his 2018 bid for reelection as Illinois' governor, and is not presently a candidate for political office. As such, while the Rauner Campaign continues to exist as an entity, it is no longer active, and its limited remaining assets continue to dwindle as this litigation proceeds. Accordingly, Plaintiff and the putative class have financial risk that any victory in this action against the Rauner Campaign would be merely a pyrrhic victory, and the Rauner Campaign would ultimately have insufficient assets available to satisfy any judgment obtained. The proposed Settlement fully resolves this financial risk for the benefit of the Settlement Class.

Fourth, Plaintiff and the putative class have litigation risk that this Court could ultimately grant summary judgment in favor of Rauner on the issue of his vicarious liability for the calls at issue. If this litigation were to proceed and the Court were to grant summary judgment in Rauner's favor, then the Rauner Campaign would be the sole remaining defendant. As noted above, that entity is no longer an active entity, its limited remaining assets continue to dwindle, and it would be unable to satisfy a class-wide judgment against it.

Fifth, the Parties disagree whether the Settlement Class could be certified on a contested motion for class certification filed by Plaintiff. Defendants maintain, among other things, that individual issues among Settlement Class Members would predominate and preclude class certification, including issues of consent. Plaintiff disagrees but acknowledges that "[c]ourts determine whether issues of individualized consent defeat commonality and predominance in a TCPA cases on a case-by-case basis after evaluating the specific evidence available to prove consent." *Physicians Healthsource, Inc. v. A-S Medication Sols., LLC*, 318 F.R.D. 712, 725 (N.D. Ill. 2016); *compare G.M. Sign, Inc. v. Brink's Mfg. Co.*, No. 09 C 5528, 2011 WL 248511, at *8 (N.D. Ill. Jan. 25, 2011) (denying certification where defendant offered evidence that consent could not be shown with common proof), *and Versteeg v. Bennett, Deloney & Noyes, P.C.*, 271

F.R.D. 668, 674 (D. Wyo. 2011) (declining to certify TCPA class in light of individualized inquiry "into whether each individual gave 'express consent' by providing their wireless number"), *with Savanna Grp., Inc. v. Trynex, Inc.*, No. 10-CV-7995, 2013 WL 66181, at *15 (N.D. Ill. Jan. 4, 2013) (granting class certification and rejecting argument that questions of consent caused individual issues to predominate because defendant had not offered evidence that any particular class member consented to the faxes at issue), and *Zyburo v. NCSPlus, Inc.*, 44 F. Supp. 3d 500, 503 (S.D.N.Y. 2014) (holding defendant failed to make a sufficient showing that individualized issues of consent would predominate where defendant failed to keep records of consent), and *Green v. Serv. Master On Location Servs. Corp.*, No. 07 C 4705, 2009 WL 1810769, at *2 (N.D. Ill. June 22, 2009) (explaining that "the question of consent may rightly be understood as a common question and the possibility that some class members may have consented is not sufficient to defeat class certification"). Thus, if Defendants were able to present evidence of "prior express written consent" for a portion of the Settlement Class, there would be a risk of the Court denying class certification and the Settlement Class recovering nothing.

Finally, even if Plaintiff were to obtain class certification, there would remain a risk of losing a jury trial. And even assuming Plaintiff prevailed at trial, any judgment could be reversed on appeal. As noted above, a pyrrhic victory for the Class against the Rauner Campaign at trial is in no one's interest.

In sum, taking these case-specific realities into account, and recognizing the time, expense, and risks involved in any litigation, the Settlement relief represents an excellent result for the Settlement Class. The total amount of the Settlement Fund, and the payments to participating Settlement Class Members, are significant in light of the substantial legal and financial risks of ongoing litigation. If Defendants were to succeed on their defenses to liability against Plaintiffs'

individual claims, or otherwise prevail in opposing class certification, the Settlement Class Members would recover nothing.

Further, the other factors to be considered under Rule 23(e)(2)(C) are also all satisfied here. As detailed above, the Parties have prepared an extensive notice plan that will ensure that Settlement Class Members receive effective notice informing them about the Settlement and that will allow them to easily submit a claim for compensation from the Settlement Fund. In addition, proposed Class Counsel's anticipated attorneys' fees request – no more than one-third of the $1,000,000 settlement amount being provided to the Class – falls well within the range of attorneys' fees award in other similar settlements and will likely be found reasonable in light of the significant recovery achieved for the Settlement Class Members and the efforts undertaken by proposed Class Counsel in pursuing these claims on behalf of the Settlement Class. Fed. R. Civ. P. 23(e)(2)(C)(iii).

Settlement Class Members will have the opportunity to express their views on proposed Class Counsel's fee application at the Final Approval Hearing. Plaintiff has also identified all agreements made in connection with the Settlement, which are solely limited to the terms contained in the Settlement Agreement filed herewith as **Exhibit A**. Fed. R. Civ. P. 23(e)(2)(C)(iv).

In sum, the duration of the litigation; the investigation and discovery process; the excellent result for the Settlement Class despite the significant procedural and substantive hurdles faced by Plaintiff; are all testament to the fairness of the proposed Settlement. Similar class action settlements involving alleged violations of the TCPA have received final approval in this District and elsewhere.

**B.      The Proposed Settlement Class Meets All Requirements for Certification For Purposes of Settlement Under Federal Rule 23.**

The proposed Settlement is not only likely to be found fair, reasonable, and adequate, but the proposed Settlement Class is also likely to be finally certified by the Court at the final approval hearing. As explained below, the Settlement Class meets all of the criteria for certification under Rule 23(a) and 23(b)(3).

> ### *i.      The Proposed Settlement Class meets all prerequisites to certification under Federal Rule 23(a).*

> #### 1.      <u>The Proposed Settlement Class is ascertainable based on objective criteria.</u>

To meet the ascertainability requirement the Court "need not ascertain 'absent class members' actual identities' . . . [r]ather, 'it is enough that the class be ascertain*able*,' with class members to be identified during a claims administration process[.]" *Birchmeier v. Caribbean Cruise Line, Inc.*, 302 F.R.D. 240, 245 (N.D. Ill. 2014) (citing *Boundas v. Abercrombie & Fitch Stores, Inc.*, 280 F.R.D. 408, 417 (N.D. Ill. 2012)) (emphasis in original). Here, the proposed Settlement Class Members are readily ascertainable using Defendants' and Defendants' vendors' call records, which have already been produced in discovery.

> #### 2.      <u>The Settlement Class is sufficiently numerous, and joinder is impracticable.</u>

The numerosity requirement of Rule 23(a)(1) is met where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Based upon Defendants' and Defendants' vendors' records, it is likely that direct notice will be mailed to approximately 38,000 individuals. Joinder of all Settlement Class Members is obviously impractical. See *McCabe v. Crawford & Co.*, 210 F.R.D. 631, 643 (N.D. Ill. 2002) (forty or more class members is generally sufficient to establish numerosity). Accordingly, the numerosity requirement of Rule 23(a) is satisfied.

3. **The Settlement Class Members' claims share common questions of law and fact.**

The commonality requirement is met where the putative class members share a "common contention" that is "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The Seventh Circuit has found that class certification in TCPA cases is "normal," because the main issues in such cases are "common to all class members." *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013).

Many questions of law and fact are common to the Settlement Class in this case, including whether Defendants' ringless voicemails violate the TCPA, whether Defendants obtained express written consent, and whether Defendants' violations were willful or knowing. See *Parker v. Risk Mgmt. Alternatives, Inc.*, 206 F.R.D. 211, 213 (N.D. Ill. 2002) ("[A] common nucleus of operative fact is usually enough to satisfy the [commonality] requirement.");

4. **Plaintiff's claims are typical of those of the Settlement Class Members.**

Courts have found that typicality is met where a defendant's action of sending unsolicited advertisements gave rise to the TCPA claims of both the named plaintiff and the members of the class. *See, e.g.*, *CE Design v. Beaty Const., Inc.*, 07-cv-3340, 2009 WL 192481, *5 (N.D. Ill. Jan. 26, 2009) (finding typicality where defendant's practice of sending unsolicited advertisements to the named plaintiff and the proposed class resulted in the claims of the potential plaintiffs being "based upon the same legal theory, *i.e.* violation of the TCPA").

Plaintiff's claims are typical of the claims of Settlement Class Members because Plaintiff's claims arise out of the same "event, practice or course of conduct that gives rise to the claim[s] of the other class members" and "are based on the same legal theory." *Parker*, 206 F.R.D. at 213. Plaintiff and the Settlement Class Member each received one or more ringless voicemail messages

from Defendants as part of Defendants' political campaign. Moreover, Plaintiff and the putative Settlement Class members all seek statutory damages. Accordingly, the typicality requirement of Rule 23(a) is satisfied. Because the Settlement Class Members assert identical claims that are based on the same legal theory, the same operative facts, and the same course of conduct by Defendants, and seek redress for the same injury, Plaintiff is typical of the Settlement Class he seeks to represent.

### 5. Plaintiff and Class Counsel have capably represented the Settlement Class Members and will continue to protect their interests.

To satisfy the adequacy requirement, class representatives must show that: (1) their claims are not antagonistic or in conflict with those of the proposed class, (2) they have sufficient interest in the outcome of the case, and (3) they are represented by experienced and competent counsel. *Hinman v. M & M Rental Ctr., Inc.*, 545 F. Supp. 2d 802, 807 (N.D. Ill. 2008). The fact that attorneys have been found adequate in other cases is "is persuasive evidence that they will be adequate again." *Longo v. Law Offices of Gerald E. Moore & Assocs., P.C.*, No. 04-cv-5759, 2006 WL 897800, at *5 (N.D. Ill. Mar. 30, 2006) (quoting *Gomez v. Ill. State Bd. of Educ.*, 117 F.R.D. 394, 401 (N.D. Ill. 1987).

The first component is satisfied because Plaintiff's interests in this litigation are aligned with, and not antagonistic to, those of the Settlement Class. See *G.M. Sign*, 2009 U.S. Dist. LEXIS 73869, at *15-16; *Zyburo*, 44 F. Supp. 3d at 503 (holding that "the adequacy requirement is satisfied with respect to the lead plaintiff in this kind of consumer case unless plaintiff's interests are antagonistic to the interest of other members of the class") (quotation omitted). Plaintiff challenges the same alleged unlawful conduct and seeks the same monetary relief for himself and all Settlement Class Members. Plaintiff retained counsel, assisted with the litigation, and vigorously prosecuted the case on behalf of the Settlement Class.

The second component of Rule 23(a)(4) is satisfied because Plaintiff hired qualified and competent counsel who is experienced in complex litigation generally, and class actions specifically. [*See* **Exhibit B, Sawin Declaration**]. Plaintiff's counsel has successfully investigated, commenced, and prosecuted many complex cases, including the instant action, and has previously been appointed as class counsel in other class litigation. *Id*. Accordingly, the adequacy of representation requirement of Rule 23(a) is satisfied. As such, proposed Class Counsel is well qualified to assess the fairness and reasonableness of the Settlement Agreement reached in this action.

### ii. *The Proposed Settlement Class is Certifiable Under Federal Rule 23(b)(3).*

Finally, because Plaintiff seeks provisional certification under Rule 23(b)(3), Plaintiff must additionally show (a) that common questions of law or fact predominate over questions affecting only individual class members (predominance); and (b) that a class action is superior to other available methods of resolving the controversy (superiority). Fed. R. Civ. P. 23(b)(3); *In re AT&T Mobility*, 270 F.R.D. at 344-45. Both requirements are easily satisfied by the proposed Settlement Class.

### 1. <u>Common questions of law and fact predominate.</u>

To satisfy the predominance requirement of Rule 23(b)(3), "each class member must share common questions of law or fact with the rest of the class, therefore making class-wide adjudication of the common questions efficient compared to the repetitive individual litigation of the same question." *Lemon v. Int'l Union of Operating Eng's.*, 216 F.3d 577, 581 (7th Cir. 2000). In TCPA cases, the predominance requirement is generally met where, as here, the class members' claims focus on a specific calling operation by a particular defendant. *See, e.g., Abdeljalil*, 306

F.R.D. 303 at 311; *West*, 323 F.R.D. at 302; *Johnson*, 315 F.R.D. at 503; *Lavigne*, 2018 WL 2694457, at *8.

In this case, as in *Lavigne* and *West*, common questions predominate because the Settlement Class Members received the same type of automated calls relating to Defendants' political campaign and did not consent to receive such calls and messages. In other words, the Settlement Class Members were sent the same type of automated phone calls and ringless voicemail messages, under similar circumstances, by the same entity, and without their prior express consent. As such, the elements of any given Settlement Class Member's claim will be based on the same classwide proof applicable to other Settlement Class Members within the same class. *Golon v. Ohio Savs. Bank*, 98-cv-7430, 1999 WL 965593, at *4 (N.D. Ill. Oct. 15, 1999) (Predominance is satisfied "when there exists generalized evidence that proves or disproves an element on a simultaneous, classwide basis … [since s]uch proof obviates the need to examine each class member's individual position").

Accordingly, common questions will predominate over any individualized issues.

2.      **A class action is the most efficient way of adjudicating the putative Settlement Class Members' claims and is superior to alternatives.**

The superiority requirement is generally satisfied where class members have uniform claims governed by the same law. *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1015 (7th Cir. 2002). Resolution of thousands of claims in one action is far superior to individual lawsuits and promotes consistency and efficiency of adjudication. *See Sadowski v. Med1 Online, LLC*, No. 07-cv-2973, 2008 U.S. Dist. LEXIS 41766, at *14 (N.D. Ill. May 27, 2008) (quoting *Murray v. New Cingular Wireless Servs.*, 232 F.R.D. 295, 303 (N.D. Ill. 2005)) ("In consumer actions involving small individual claims, such as this one, class treatment is often appropriate because each

member's damages 'may be too insignificant to provide class members with incentive to pursue a claim individually'").

Manageability relating to trial is of no concern when "confronted with a request for settlement only class certification. . . for the proposal is that there be no trial." *Amchem*, 521 U.S. at 620; *see also Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, No. 07-cv-2898, 2012 WL 651727, at *4 (N.D. Ill. Feb. 28, 2012) (*quoting Amchem*, 521 U.S. at 622 ("settlement is a factor in the calculus" in determining whether certification is proper)). Accordingly, a class action is the superior method of adjudicating this action.

### 3. The proposed notice plan satisfies Due Process and the requirements of Federal Rule 23.

When a class is certified through settlement, Due Process and Rule 23 require that the court "direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1); *In re Sears, Roebuck & Co. Front-loading Washer Prod. Liab. Litig.*, No. 06-cv-7023, 2016 WL 772785, at *7 (N.D. Ill. Feb. 29, 2016). Where, as here, a class is certified pursuant to Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The notice must contain information in plain, easily understood language, including the nature of the action, the class definition(s), the claims, and the rights of class members. Fed. R. Civ. P. 23(c)(2)(B)(i)–(vii); *see In re AT&T*, 270 F.R.D. at 352.

As discussed above, the parties have agreed to a comprehensive notice plan that more than satisfies the requirements of Due Process and Rule 23. The Settlement Agreement contemplates a multi-part notice plan designed to reach as many potential Settlement Class Members as possible. Under the notice plan, the Settlement Administrator will send direct notice of the Settlement via

U.S. Mail to Settlement Class Members, who will be identified by conducting a reverse-lookup of the phone numbers from Defendants' and Defendants' vendors' records.

Because accurate contact information for some Settlement Class Members may not be readily available through the reverse-lookup process, the direct notice will be supplemented with publication notice, including publication, which will be published as soon as practicable after preliminary approval. "When individual notice is infeasible, notice by publication in a newspaper of national circulation . . . is an acceptable substitute." *Mirfasihi v. Fleet Mortg. Corp*., 356 F.3d 781, 786 (7th Cir. 2004) ("[Individual] notice is preferable to newspaper or other collective notice but it was impossible here because [Defendant] has no record of those customers whose financial information it gave the telemarketers but who did not buy anything from the latter"). Additionally, the Settlement Administrator will establish a website containing relevant court documents, notices, and the Claim Form, and which will provide for online and telephonic submission of claims. In accordance with Rule 23(e)(4), the notices will all inform Settlement Class Members of their right to object or exclude themselves from the Settlement and the process and deadlines for doing so.

Finally, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, and no later than ten days after filing the Agreement with the Court, the Settlement Administrator will send required notice to the appropriate government entities. 28 U.S.C § 1715(b). Because the proposed notice plan effectuates direct notice to all Settlement Class Members identified by Defendants' and Defendants' vendors' records, reaches other potential Settlement Class Members through publication notice and the Settlement Website, and fully apprises Settlement Class members of their rights, it comports with the requirements of Due Process and Rule 23 and should be approved.

### 4. Plaintiff's Counsel Should Be Appointed Class Counsel.

Under Rule 23, "a court that certifies a class must appoint class counsel . . . [who] must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). In making

this determination, the Court must consider counsel's work in identifying or investigating potential claims; experience in handling class actions or other complex litigation, and the types of claims asserted in the case; knowledge of the applicable law; and resources committed to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i–iv).

As described in detail above, proposed Class Counsel has diligently investigated Plaintiffs' TCPA claims and the feasibility of class certification, has committed substantial efforts to negotiating and executing this Settlement and the related papers, and has devoted and will continue to devote substantial time and resources to this litigation. Proposed Class Counsel has substantial experience with complex litigation and has previously been appointed class counsel in other class litigation. Proposed Class Counsel has an in-depth knowledge of the laws applicable to the Settlement Class Members' claims and certification of the Settlement Class. (*See* **Exhibit B**). Accordingly, the Court should appoint Plaintiff's Counsel, John Sawin, to serve as Class Counsel for the proposed Settlement Class pursuant to Rule 23(g).

## V.     PROPOSED SCHEDULE

In connection with preliminary approval of the Settlement, the Court must set a final approval hearing date, dates for promulgating Notice and deadlines for objecting to the Settlement and filing papers in support of the Settlement. The parties propose the following schedule:

| EVENT: | SCHEDULED DATE: |
|---|---|
| Deadline for direct notice to be mailed to the Settlement Class (the "Notice Deadline") | 30 calendar days following entry of the Preliminary Approval Order |
| Deadline for Settlement Class Members to object to the Settlement or exclude themselves from the Settlement (the "Opt-Out and Objection Deadline") | 90 calendar days following entry of the Preliminary Approval Order (Approximately 60 calendar days after the Notice Deadline) |
| Deadline for Settlement Class Members to submit Claim Forms either online or by U.S. Mail (the "Claim Form Deadline") | 90 calendar days following entry of the Preliminary Approval Order (Approximately 60 calendar days after the Notice Deadline) |
| Plaintiffs' Attorney Fee, Expense, and Incentive Award Application Deadline | 14 calendar days before the deadline for Settlement Class Members to object to the Settlement (Approximately 46 calendar days after the Notice Deadline) |
| Deadline for filing papers in support of the Settlement. | 14 calendar days before the Final Approval Hearing. |
| Final Approval Hearing: | Approximately 114 calendar days following entry of the Preliminary Approval Order |

## VI.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and, consistent with the proposed order attached hereto, enter an order: (1) granting preliminary approval of the Settlement; (2) appointing Plaintiff as Class Representative; (3) appointing John Sawin of Sawin Law Ltd. as Class Counsel; (4) approving the form and content of the proposed notice and ordering that it be effectuated; (5) scheduling a final approval hearing; and (6) providing

such other and further relief as the Court deems reasonable and just. A Proposed Preliminary Approval Order is attached hereto as **Exhibit C**.

Dated: May 7, 2021        Respectfully submitted,

PETER GARVEY individually and on behalf of a class of similarly situated individuals

By: */s/ John Sawin*
       Plaintiff's Attorney

John Sawin (IL 6227112)
SAWIN LAW LTD.
55 West Wacker Drive, Suite 900
Chicago, Illinois 60601
312.853.2490
jsawin@sawinlawyers.com
*Counsel for Plaintiff and*
*Proposed Class Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on May 7, 2021 I electronically filed the foregoing *Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement* with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record.

*/s/ John Sawin*