## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| PETER GARVEY, individually and on behalf of a class of similarly situated individuals, ) ) ) | |
| *Plaintiff*, ) ) | Case No. 1:18-cv-7919 |
| v. ) ) | Honorable Jorge L. Alonso |
| CITIZENS FOR RAUNER, INC., ) an Illinois corporation; and BRUCE RAUNER, ) an individual ) ) | Magistrate Judge M. David Weisman |
| *Defendant*. ) ) | |

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASS, DIRECTING NOTICE OF PROPOSED CLASS SETTLEMENT, <u>AND SETTING A FINAL APPROVAL HEARING</u>**

This matter coming before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"), with the Court reviewing and considering the Motion, the Class Action Settlement Agreement and Release ("Agreement") between Plaintiff, Peter Garvey ("Plaintiff"), and Defendants, Citizens for Rauner, Inc. ("Citizens") and Bruce Rauner ("Rauner") (Plaintiff, Citizens, and Rauner are collectively the "Parties"), and all other papers that have been filed with the Court related to the Agreement, including all exhibits and attachments to the Motion and the Agreement, and otherwise being advised in the premises;

**IT IS HEREBY ORDERED:**

1. Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them as in the Agreement.

2. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, and personal jurisdiction over Plaintiff and Defendants. Additionally, venue is proper in this district pursuant to 28 U.S.C. § 1391.

3. It appears to the Court on a preliminary basis that the Agreement is likely to be found fair, adequate, and reasonable. It appears to the Court that adequate investigation and research has been conducted such that the Parties' respective counsel are able to reasonably evaluate their respective positions. It further appears to the Court that settlement, at this time, will avoid substantial additional costs by all Parties, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. It further appears that the Agreement has been reached as the result of arm's length negotiations.

4. The Court preliminarily finds that the Agreement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. The Court has reviewed the monetary recovery that is being granted as part of the Settlement and preliminarily finds that the monetary settlement award to be made available to all putative class members is fair, adequate, and reasonable when balanced against the potential outcomes of further litigation.

5. For purposes of settlement only, the Court finds that the prerequisites for class action under Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been preliminarily satisfied. The Court finds that: (i) the Settlement Class appears to be so numerous that joinder of all Settlement Class Members is impracticable; (ii) Plaintiff's claims in the Action appear to be typical of the Settlement Class' claims; (iii) there appear to be questions of law and fact common to the Settlement Class, which predominate over any questions affecting only individual Settlement Class Members; (iv) Plaintiff appears to be capable of fairly and adequately

protecting the interests of the Settlement Class Members in connection with the Settlement; (v) and class certification appears to be superior to other available methods for the fair and efficient adjudication of this controversy. For purposes of settlement only, the Court hereby conditionally certifies the following Settlement Class:

> All persons and entities throughout the United States (1) to whom Defendants placed or caused to be placed one or more telephone calls or ringless voicemail messages; (2) directed to a number assigned to a cellular telephone service; (3) using an automatic telephone dialing system, or an artificial or prerecorded voice; (4) from March 23, 2014 to the date the Court enters the Preliminary Approval Order.

Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Court's staff and immediate family, any counsel who has filed an appearance on behalf of any Party to the Action, and all persons who are validly excluded from the Settlement Class.

6. The Court preliminarily finds that Plaintiff Peter Garvey is a member of the Settlement Class and that, for Settlement purposes only, he satisfies the requirement that he will adequately represent and protect the interests of the absent Settlement Class Members. The Court thus hereby preliminarily appoints Plaintiff Peter Garvey to serve as the class representative of the Settlement Class.

7. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, and having reviewed the submissions of Plaintiff's counsel, the Court preliminarily finds that John Sawin of Sawin Law Ltd. has and will fairly and adequately represent and protect the interests of the absent Settlement Class Members. Accordingly, the Court hereby preliminarily appoints John Sawin of Sawin Law Ltd. to serve as Class Counsel on behalf of Plaintiff and the Settlement Class.

8. Class Counsel is authorized to act on behalf of Settlement Class Members with respect to all acts or consents required by, or which may be given pursuant to, the Agreement, and such other acts reasonably necessary to consummate the Agreement. Any Settlement Class Member may enter an appearance through counsel of his or her own choosing and at his or her own expense. Any Settlement Class Member who does not enter an appearance or appear on his or her own will be represented by Class Counsel.

9. The Court approves, in form and content, the Mail Notice and the Publication Notice attached to the Settlement Agreement as Exhibits 1 and 3, respectively, and finds that they meet the requirements of Fed. R. Civ. P. 23 and satisfy Due Process. The Mail Notice shall additionally be posted on the Settlement Website.

10. The Court finds that the notice plan to the Settlement Class as set forth in the Agreement constitutes the best notice practicable under the circumstances, including direct individual Mail Notice to Settlement Class Members where feasible, and Publication Notice by two print publications, and fully satisfies the requirements of the Federal Rules of Civil Procedure, the U.S. Constitution, and any other applicable law, such that the Agreement and Final Approval Order will be binding on all Settlement Class Members. In addition, the Court finds that no notice other than that specifically identified in the Agreement is necessary in this Action. The Parties, by agreement, may revise the Class Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

11. KCC Class Action Services LLC is hereby appointed Class Administrator to supervise and administer the notice process, as well as to oversee the administration of the Settlement, as more fully set forth in the Agreement.

12. The Class Administrator may proceed with the distribution of Class Notice as set forth in the Agreement, and in accordance with the Notice Deadline. Further, the Class Administrator shall serve the CAFA Notice pursuant to 28 U.S.C. § 1715(b).

13. The Court hereby approves the form and content of the Claim Form attached to the Settlement Agreement as Exhibit 2. Settlement Class Members who wish to receive the Settlement Award under the Agreement must complete and submit an Approved Claim Form in accordance with the instructions provided in the Class Notice on or before the Claim Form Deadline of **August 11, 2021**.

14. All Claim Forms must be submitted either electronically or by U.S. Mail to the Settlement Administrator no later than the Claim Form Deadline. Settlement Class Members who do not timely submit a Claim Form deemed to be valid in accordance with the Settlement Agreement shall not be entitled to receive any monetary benefit from the Settlement.

15. Settlement Class Members shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Settlement Class Members who do not timely and validly request exclusion from the Settlement Class shall be so bound even if they have previously initiated or subsequently initiate litigation or other proceedings against Defendants or the Released Parties relating to the claims released under the terms of the Agreement.

16. Any person in the Settlement Class may request exclusion from the Settlement by sending a written request to the Class Administrator at the address designated in the Class Notice postmarked no later than the Opt-Out and Objection Deadline of **August 11, 2021**. Exclusion

requests must: (i) be signed by the person in the Settlement Class who is requesting exclusion; (ii) include the full name and address of the person in the Settlement Class requesting exclusion, and the telephone number at which Defendants called the person; and (iii) include a request substantially similar to the following statement: "I/we request to be excluded from the settlement in the Garvey v. Citizens for Rauner, Inc. TCPA action." No request for exclusion will be valid unless all the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class. The Class Administrator will retain a copy of all requests for exclusion and will provide copies of any such requests to counsel for the Parties no later than seven (7) days after the Opt-Out and Objection Deadline. Class Counsel will keep any such opt-out information confidential and use it only for purposes of determining whether a person in the Settlement Class has properly opted out.

17. Any person in the Settlement Class who elects to be excluded shall not: (i) be bound by any orders or the Final Approval Order; (ii) be entitled to relief under the Agreement; (iii) gain any rights by virtue of the Agreement; or (iv) be entitled to object to any aspect of this Agreement.

18. Any Settlement Class Member who has not requested exclusion from the Settlement Class and who wishes to object to any aspect of the Agreement, including the amount of the attorneys' fees and expenses that Class Counsel intends to seek and/or the payment of any incentive award to the class representative, may do so, either personally or through an attorney, by filing a written objection, together with the supporting documentation set forth below in paragraph 19 of this Order, with the Clerk of the Court, and served upon Class Counsel, Defendants' respective counsel, and the Settlement Administrator no later than the Opt-Out and

Objection Deadline. Addresses for Class Counsel, Defendants' Counsel, the Settlement Administrator, and the Clerk of Court are as follows: (i) Class Counsel — John Sawin, Sawin Law Ltd., 55 West Wacker Drive, Suite 900, Chicago, Illinois 60601; (ii) Rauner's Counsel — Jordan Vick, Seyfarth Shaw LLP, 233 S. Wacker Drive, Suite 8000, Chicago, Illinois 60606; (iii) Citizens' Counsel—Shane Bradwell, O'Hagan Meyer, One E. Wacker Drive, Suite 3400, Chicago, Illinois 60601; (iv) KCC Class Action Services LLC, P.O. Box 43434, Providence, Rhode Island 02940-3434; and (v) U.S. District Court Clerk, United States District Court for the Northern District of Illinois, 219 South Dearborn, Chicago, Illinois 60604.

19. Any objection must: (i) Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including providing his/her full name, address, the cellular telephone number called by Defendants, and whether he/she intends to appear at the Final Approval Hearing on his/her own behalf or through counsel; (ii) Include a statement of such Settlement Class Member's specific objections; (iii) State the grounds for each objection and attach any documents supporting each objection; and (iv) Contain a heading which includes the name of the case and the case number. Objections not filed and served in accordance with this Order shall not be received or considered by the Court. Any Settlement Class Member who fails to timely file and serve a written objection in accordance with this Order shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to the Settlement, to the fairness, reasonableness, or adequacy of the Settlement, to the payment of attorneys' fees, costs, and expenses, to the payment of an incentive award, and to the Final Approval Order and the right to appeal same.

20. Any Settlement Class Member who has not requested exclusion from the Settlement Class and who has properly submitted a written objection in compliance with the

Agreement and this Order may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement and/or Plaintiff's counsel's fee and expense application and/or the request for an incentive award to Plaintiff are required to indicate in their written objection their intention to appear at the Final Approval Hearing on their own behalf or through counsel. For any Settlement Class Member who files a timely written objection and who indicates his/her intention to appear at the Final Approval Hearing on their own behalf or through counsel, such Settlement Class Member must also include in his/her written objection the identity of any witnesses he/she may call to testify, and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which shall be attached.

21. No Settlement Class Member shall be entitled to be heard, and no objection shall be considered, unless the requirements set forth in this Order and in the Agreement are fully satisfied. Any Settlement Class Member who does not make his/her objection to the Settlement in the manner provided herein, or who does not also timely provide copies to the designated counsel of record for the Parties at the addresses set forth herein, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Agreement, the releases contained therein, and all aspects of the Final Approval Order.

22 Any Class Member who submits both an exclusion and an objection will be deemed to have excluded herself/himself from this Action and will not be bound by the Agreement.

23. In the event that the proposed Settlement is not finally approved by this Court, or in the event that the Agreement becomes null and void pursuant to its terms, this Order and all

8

orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in the Action or in any other case or controversy; in such an event the Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Agreement.

24. Class Counsel may file a motion seeking an award of attorneys' fees, costs and expenses, as well as an incentive award for the class representative, no later than **July 28, 2021**.

25. All papers in support of the final approval of the proposed Settlement shall be filed no later than fourteen (14) before the Final Approval Hearing, by **August 24, 2021**.

26. With the exception of such proceedings as are necessary to implement, effectuate, and grant final approval to the terms of the Agreement, pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement all proceedings with respect to the Action are stayed, and all members of the Settlement Class are enjoined from commencing or continuing any action or proceeding in any court or tribunal with respect to the Released Claims against any of the Released Parties.

27. A hearing (the "Final Approval Hearing") shall be held before the Court on **September 7, 2021 at 11:00 A.M** in Courtroom 1903 of the U.S. District Court for the Northern District of Illinois, 219 S. Dearborn Street, Chicago, Illinois 60604 (or at such other time or location as the Court may without further notice direct) for the following purposes:

(a) to finally determine whether the applicable prerequisites for settlement class action treatment under Fed. R. Civ. P. 23 have been met;

    (b) to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

    (c) to determine whether the Final Approval Order as provided under the Agreement should be entered;

    (d) to consider whether the application for an award of attorney's fees, costs and expenses of Class Counsel should be approved;

    (e) to consider whether the application for an incentive award to the class representative should be approved; and

    (f) to rule upon such other matters as the Court may deem appropriate.

  28. The Court may, for good cause, extend any of the scheduled dates or deadlines set forth in this Order without further notice to the members of the Settlement Class. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At or following the Final Approval Hearing, the Court may enter a judgment approving the Agreement and a Final Approval Order in accordance with the Agreement that adjudicates the rights of all Settlement Class Members.

  29. Settlement Class Members do not need to appear at the Final Approval Hearing to indicate their approval.

  30. The Parties' respective counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement. The Court reserves the right to approve the Settlement Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the Settlement Class Members.

  31. The Court retains exclusive jurisdiction to consider all further applications arising

out of or connected with the proposed Settlement.

32. For clarity, the deadlines set forth above and in the Agreement are as follows:

| EVENT: | SCHEDULED DATE: |
|---|---|
| Class Administrator to serve CAFA notice required by 28 U.S.C. § 1715 | **May 17, 2021** |
| Deadline for direct notice to be mailed to the Settlement Class (the "Notice Deadline") | **June 14, 2021** |
| Plaintiffs' Attorney Fee, Expense, and Incentive Award Application Deadline | **July 28, 2021** |
| Deadline for Settlement Class Members to object to the Settlement or exclude themselves from the Settlement (the "Opt-Out and Objection Deadline") | **August 11, 2021** |
| Deadline for Settlement Class Members to submit Claim Forms either online or by U.S. Mail (the "Claim Form Deadline") | **August 11, 2021** |
| Settlement Administrator to provide the Opt-Out List to Class Counsel and Defense Counsel | **August 18, 2021** |
| Deadline for filing papers in support of the Settlement. | **August 24, 2021** |
| Final Approval Hearing: | **September 7, 2021 at 11:00 A.M.** |

**IT IS SO ORDERED.**

Dated: May 14, 2021

_____
Honorable Jorge L. Alonso
United States District Court Judge