# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PETER GARVEY, individually and on behalf of a class of similarly situated individuals, ) ) ) | |
| *Plaintiff*, ) ) | Case No. 1:18-cv-7919 |
| v. ) ) | Honorable Jorge L. Alonso |
| CITIZENS FOR RAUNER, INC., ) an Illinois corporation; and BRUCE RAUNER, ) an individual ) ) | Magistrate Judge M. David Weisman |
| *Defendant.* ) ) | |

## ORDER GRANTING FINAL APPROVAL OF
## CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

WHEREAS, on May 14, 2021 this Court entered an Order Preliminarily Approving Class Action Settlement Agreement, Conditionally Certifying Settlement Class, Directing Notice of Proposed Class Settlement, and Setting a Final Approval Hearing, preliminarily approving the proposed Settlement pursuant to the terms of the Agreement and directing that notice be given to the members of the Settlement Class; and

WHEREAS, pursuant to the Parties' plan for providing notice to the Settlement Class, the Settlement Class was notified of the terms of the proposed Settlement and of a Final Approval Hearing to determine, *inter alia*, whether the terms and conditions of the Agreement are fair, reasonable, and adequate for the release and dismissal of the claims against Defendants in the Action; and

WHEREAS, a Final Approval Hearing was held on September 7, 2021; and

WHEREAS, prior to the Final Approval Hearing, proof of completion of the Notice Plan was filed with the Court, along with declarations of compliance. Settlement Class Members were

therefore notified of the terms of the proposed Settlement and their right to appear at the hearing in support of or in opposition to the proposed Settlement; and

NOW, THEREFORE, the Court, having heard the oral presentations made at the Final Approval Hearing; having reviewed all of the submissions presented with respect to the proposed Settlement; having determined that the Settlement is fair, adequate, and reasonable; and having reviewed the materials in connection therewith, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The capitalized terms in this Order and Judgment shall have the same meaning as defined in the Agreement except as may otherwise be ordered.

2. The Court has jurisdiction over the subject matter of this Action, all claims raised therein, and all Parties thereto, including the members of the Settlement Class.

3. The Court finds, solely for the purposes of considering this Settlement, that the requirements of Federal Rule of Civil Procedure 23 are satisfied, including requirements for the existence of numerosity, commonality, typicality, adequacy of representation, manageability of the Settlement Class for settlement purposes, that common issues of law and fact predominate over individual issues, and that Settlement and certification of the Settlement Class is superior to alternative means of adjudicating the claims and disputes at issue in this action.

4. The Settlement Class, which will be bound by this Final Approval Order, shall include all members of the Settlement Class who did not submit a timely and valid Request for Exclusion. No Settlement Class members requested exclusion.

5. Plaintiff Peter Garvey shall serve as Class Representative of the Settlement Class.

6. The Court appoints the following counsel as Class Counsel for purposes of this settlement:

>John Sawin
>SAWIN LAW LTD.
>55 West Wacker Drive, Suite 900
>Chicago, Illinois 60601
>jsawin@sawinlawyers.com
>Tel: 312.853.2490

The Court finds that Plaintiff and Class Counsel have and will fairly and adequately represent and protect the interests of the absent members of the Settlement Class in accordance with Federal Rule of Civil Procedure 23.

7. For purposes of the Settlement and this Final Approval Order, the Settlement Class is finally certified as identified in the Agreement , as follows:

>All persons and entities throughout the United States (1) to whom Defendants placed or caused to be placed one or more telephone calls or ringless voicemail messages; (2) directed to a number assigned to a cellular telephone service; (3) using an automatic telephone dialing system, or an artificial or prerecorded voice; (4) during the Class Period [from March 23, 2014 to the date the Court entered the Preliminary Approval Order].

Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Court's staff and immediate family, any counsel who has filed an appearance on behalf of any Party to the Action, and all persons who are validly excluded from the Settlement Class, in accordance with the Agreement.

8. The Court finds that the Administration and Notification Process set forth in Section 10 of the Agreement and effectuated pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the pendency of this Action, certification of the Settlement Class for settlement purposes only, the terms of the Agreement, and the Final Approval Hearing, and satisfies the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

9. The Court finds that the Settlement, as set forth in the Agreement and this Order, is in all respects fair, reasonable, adequate, and in the best interests of the Settlement Class, taking into account the risks that both sides faced with respect to the merits of the claims alleged and remedies requested, the risks of maintaining a class action, and the expense and duration of further litigation, pursuant to Fed. R. Civ. P. 23(e), and therefore the Settlement is approved. The Court further finds that the Class Representative and Class Counsel have at all times adequately represented the Class and the settlement negotiations that resulted in the Settlement were at all times conducted at arm's length. The Court also finds that Class Counsel has identified all required agreements related to the Settlement and that, because the Settlement provides an equal pro rata distribution of the Settlement Funds, the Settlement treats all Class Members equitably relative to each other. For these reasons the Court grants final approval of the Settlement. The Parties shall effectuate the Agreement according to its terms. The Agreement and every term and provision thereof shall be deemed incorporated herein as though explicitly set forth and shall have the full force of an Order of this Court.

10. Upon the Effective Date, Named Plaintiff and the Settlement Class Members shall have, by operation of this Final Approval Order, fully, finally, and forever released, relinquished, and discharged all Released Claims that are contemplated under the Agreement, pursuant to Section 17 of the Agreement.

11. All members of the Settlement Class who have not validly excluded themselves from the Settlement are hereby enjoined, pursuant to the All Writs Act, 28 U.S.C. § 1651, and the Anti-Injunction Act, 28 U.S.C. § 2283, and as described in Paragraph 17 of the Agreement, from prosecuting any claims released under the Settlement.

12. This Final Approval Order, the Agreement, the Settlement which it reflects, and any and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as or used as an admission by or against Citizens for Rauner, Inc. and/or Bruce Rauner of any fault, wrongdoing, or liability on either of their part, or of the validity of any claim in the Action or of the existence or amount of damages.

13. The claims of the Plaintiff Class Representative and all members of the Settlement Class in this Action are hereby dismissed in their entirety with prejudice. Except as otherwise provided in this Order and/or in this Court's Order Awarding Attorneys' Fees and Expenses in this Action, entered in response to Class Counsel's motion therefore brought in connection with the Settlement, the parties shall bear their own costs and attorneys' fees. The Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Agreement, including any releases in connection therewith and any other matters related or ancillary to the foregoing.

14. Having reviewed the Unopposed Motion for Approval of Attorney's Fees, Expenses, and Class Representative Incentive Award, the Court approves payment of attorney's fees to Class Counsel in the amount of $333,333.33, plus reimbursement of costs and expenses in the amount of $6,685.06. Both of these amounts shall be paid from the Settlement Fund in accordance with the terms of the Agreement. The Court, having considered the materials submitted by Class Counsel in support of their Motion for Final Approval and Motion for Attorney's Fees, and the fact that no objections have been made with respect to the attorney's fees, costs and expenses sought by Class Counsel, finds the award of attorney's fees, costs and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Settlement Class. Second, the Court finds the payment fair and

reasonable in light of the substantial work performed by Class Counsel. Third, the Court concludes that the Settlement was negotiated at arm's-length without collusion, and that any negotiation concerning attorney's fees only followed agreement on the settlement benefit for the Settlement Class Members. Finally, the Court notes that the Class Notice specifically and clearly advised the Settlement Class that Class Counsel would seek an award up to the amount sought.

15. The Court approves an incentive award of $10,000 for the Plaintiff Class Representative, Peter Garvey, and specifically finds such amount to be reasonable in light of the services performed by the Class Representative for the Settlement Class, including taking on the risks of litigation and helping achieve the benefits being made available to the Settlement Class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Agreement.

16. The Court finds that the Class Action Fairness Act notice to the appropriate state and federal officials was provided pursuant to 28 U.S.C. § 1715 on May 14, 2021, which was within ten days of filing of the Preliminary Approval Motion.

17. The Court finds that no reason exists for delay in entering this Final Approval Order. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order, and it is a final and appealable order.

18. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Agreement and its implementing documents (including all exhibits to the Agreement) so long as they are consistent in all material respects with the Final Approval Order and do not limit the rights of the Settlement Class Members.

19. Without affecting the finality of this Final Approval Order for purposes of appeal, the Court retains jurisdiction as to all matters related to the administration, consummation, enforcement, and interpretation of the Agreement and this Final Approval Order, and for any other necessary purpose.

**IT IS SO ORDERED.**

Dated:  September 16, 2021

_____
Honorable Jorge L. Alonso
United States District Court Judge